DAVID F. MCDOWELL (CA SBN 125806)
DMcDowell@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
ALEXANDRA E. LAKS (CA SBN 291861)
ALaks@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
SEAGATE TECHNOLOGY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EVERETT CASTILLO, LINDA CASTILLO, NICHOLAS DATTOMA, FREDA LANG, WENDY TRAN, and STEVEN WILK individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>SEAGATE TECHNOLOGY LLC,<br><br>                    Defendant. | Case No.   3:16-cv-01958-RS<br><br>**DEFENDANT SEAGATE TECHNOLOGY LLC'S NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT**<br><br>Hearing Date:   September 8, 2016<br>Time:            1:30 p.m.<br>Courtroom:      3 |

## NOTICE OF MOTION AND MOTION TO DISMISS

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 8, 2016 at 1:30 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Richard Seeborg, United States District Judge, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Seagate Technology LLC ("Seagate") will and hereby does move this Court for dismissal as to all counts pled in the Consolidated Class Action Complaint (Dkt. No. 22) ("Complaint") filed by Plaintiffs Everett Castillo, Linda Castillo, Nicholas Dattoma, Freda Lang, Wendy Tran, and Steven Wilk ("Plaintiffs") pursuant to (i) Fed. R. Civ. P. 12(b)(6) on the ground that the Complaint fails to state a claim upon which relief can be granted and (ii) Fed. R. Civ. P. 9(b) on the ground that claims grounded in fraud are not pled with particularity.

This motion is based on this Notice of Motion and Motion to Dismiss, the accompanying Memorandum of Points and Authorities and on such other written and oral argument as may be presented to the Court.

Dated: July 28, 2016

DAVID F. MCDOWELL
TIFFANY CHEUNG
ALEXANDRA E. LAKS
MORRISON & FOERSTER LLP

By:   _/s/ Tiffany Cheung_
TIFFANY CHEUNG

Attorneys for Defendant
SEAGATE TECHNOLOGY LLC

# **TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION TO DISMISS ...................................................................i

TABLE OF AUTHORITIES ...................................................................................................iii

STATEMENT OF THE ISSUES TO BE DECIDED...............................................................vii

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................1

I.      INTRODUCTION ...............................................................................................1

II.     FACTUAL BACKGROUND ..............................................................................2

III.    LEGAL STANDARD ..........................................................................................3

IV.     ARGUMENT .......................................................................................................4

     A.      Plaintiffs Fail to State A Claim for Negligence. .....................................4

          1.      Plaintiffs' Claims are Barred by the Economic Loss Doctrine. .........................................................................................4

          2.      Plaintiffs Fail to Plausibly State a Claim for Negligence. .......................6

               a.      Plaintiffs Fail to Plausibly Allege Seagate Breached Any Duty. ..........................................................................6

               b.      Plaintiffs Fail to Allege that Any Breach by Seagate Caused Plaintiffs' Alleged Injury. ...........................8

               c.      Plaintiffs Fail to Allege Non-speculative Damages. ......................9

     B.      Plaintiffs Fail to State A UCL Claim or Any Entitlement to UCL Remedies. ............................................................................................11

          1.      Plaintiffs Fail to Allege Reliance or Consumer Deception, and Fails to State Their Claims with Particularity, as Required for Fraud-Based UCL Claims. ...................................................11

          2.      Plaintiffs Fail to State a Claim Under the "Unfair" Prong. .....................13

          3.      Plaintiffs Fail to State a Claim under the UCL's "Unlawful" Prong. ..........................................................................................14

          4.      Plaintiffs Are Not Entitled to any Remedies for Their UCL Claims. ....................................................................................16

     C.      Plaintiffs' Declaratory Judgment Claim Must Be Dismissed Because It Does Not Constitute a Separate Cause of Action. .............18

     D.      Plaintiffs Fail to State a Breach of Implied Contract Claim. .................18

          1.      Plaintiffs Fail to Allege the Existence of an Implied Contract. .....................................................................................19

          2.      Plaintiffs Fail to Allege that Seagate Breached any Implied Contract. .....................................................................................20

V.      CONCLUSION ..................................................................................................21

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

CASES

4

*Ashcroft v. Iqbal,*
5     556 U.S. 662 (2009) .................................................................................................. 3

6   *Asturias v. Nationstar Mortg. LLC,*
      No. 15-CV-03861-RS, 2016 WL 1610963 (N.D. Cal. Apr. 22, 2016) ................................. 13
7

8   *Athena Feminine Techs. Inc. v. Wilkes,*
      No. C 10-04868 SBA, 2011 WL 4079927 (N.D. Cal. Sept. 13, 2011) ................................. 21

9   *Baba v. Hewlett-Packard Co.,*
10    No. C 09-05946 RS, 2011 WL 317650 (N.D. Cal. Jan. 28, 2011) .............................. 4, 13, 14

11  *Bem v. Stryker Corp.,*
      No. C 15-2485 MMC, 2015 WL 4573204 (N.D. Cal. July 29, 2015) ..................................... 7
12

13  *Blaustein v. Burton,*
      9 Cal. App. 3d 161 (1970).................................................................................................. 19

14  *Brazil v. Office of Pers. Mgmt.,*
15    35 F. Supp. 3d 1101 (N.D. Cal. 2014) ................................................................................ 18

16  *Cabanas v. Gloodt Assocs., Inc.,*
      CA No. 96-17081, 1998 U.S. App. LEXS 3779 (9th Cir. Mar. 3, 1998) ............................... 5
17

18  *Clapper v. Amnesty Int'l USA,*
      133 S. Ct. 1138 (2013) .................................................................................................. 10

19  *Clemens v. DaimlerChrysler Corp.,*
20    534 F.3d 1017 (9th Cir. 2008)............................................................................................ 3

21  *Cooper v. Lakewood Eng'g & Mfg. Co.,*
      45 F.3d 243 (8th Cir. 1995)................................................................................................ 19
22

23  *Corona v. Sony Pictures Entm't, Inc.,*
      No. 14-CV-09600 RGK (Ex), 2015 WL 3916744 (C.D. Cal. June 15, 2015).................. *passim*

24  *Cruz v. United States,*
25    987 F. Supp. 1299 (D. Haw. 1997) .................................................................................... 6

26  *Doe v. SuccessfulMatch.com,*
      70 F. Supp. 3d 1066 (N.D. Cal. 2014) ................................................................................ 11

27  *Duttweiler v. Triumph Motorcycles (Am.) Ltd.,*
28    No. 14-CV-04809-HSG, 2015 WL 4941780 (N.D. Cal. Aug. 19, 2015) .............................. 17

*Garcia v. Sony Computer Entm't Am., LLC,*
  859 F. Supp. 2d 1056 (N.D. Cal. 2012) ............................................................. 12

*Groupion, LLC v. Groupon, Inc.,*
  859 F. Supp. 2d 1067 (N.D. Cal. 2012) ............................................................. 17

*Hall v. Sea World Entm't, Inc.,*
  No. 3:15-CV-660-CAB-RBB, 2015 WL 9659911 (S.D. Cal. Dec. 23, 2015)....................... 13

*Harris Cty. Texas v. MERSCORP Inc.,*
  791 F.3d 545 (5th Cir. 2015)............................................................................. 18

*Hodsdon v. Mars, Inc.,*
  No. 15-CV-04450-RS, 2016 WL 627383 (N.D. Cal. Feb. 17, 2016) ............................ 13

*In re Anthem, Inc. Data Breach Litig.,*
  No. 15-MD-02617-LHK, 2016 WL 3029783 (N.D. Cal. May 27, 2016)............................ 11

*In re Anthem, Inc. Data Breach Litig.,*
  No. 15-MD-02617-LHK, 2016 WL 589760 (N.D. Cal. Feb. 14, 2016) ................................ 19

*In re Google Android Consumer Privacy Litig.,*
  No. 11-MD-02264 JSW, 2013 WL 1283236 (N.D. Cal. Mar. 26, 2013) ...................... 12, 14

*In re iPhone Application Litig.,*
  No. 11-MD-02250-LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011)............................... 9

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.,*
  903 F. Supp. 2d 942 (S.D. Cal. 2012) ("*Sony I*")........................................... *passim*

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.,*
  996 F. Supp. 2d 942 (S.D. Cal. 2014) ("*Sony II*") ......................................... *passim*

*In re Target Corp. Customer Data Sec. Breach Litig.,*
  66 F. Supp. 3d 1154 (D. Minn. 2014) .................................................................... 5

*In re Zappos.com, Inc. Customer Data Sec. Breach Litig.,*
  108 F. Supp. 3d 949 (D. Nev. 2015) ................................................................... 17

*J'aire Corp. v. Gregory,*
  24 Cal. 3d 799 (1979) .......................................................................................... 5

*Kearns v. Ford Motor Co.,*
  567 F.3d 1120 (9th Cir. 2009)................................................................... 3, 4, 11

*McKenzie v. Wells Fargo Bank, N.A.,*
  931 F. Supp. 2d 1028 (N.D. Cal. 2013) ......................................................... 16, 17

*Medina v. Microsoft Corp.,*
  No. C 14-0143 RS, 2014 WL 4243992 (N.D. Cal. Aug. 26, 2014)....................... 13

*Mega RV Corp. v. HWH Corp.*,
    225 Cal. App. 4th 1318 (2014) ........................................................................ 5

*Minkler v. Apple, Inc.*,
    65 F. Supp. 3d 810 (N.D. Cal. 2014) .............................................................. 5

*Mountain Copper Co. v. Van Buren*,
    123 F. 61 (9th Cir. 1903)................................................................................. 6

*Nat. Proteins, LLC v. Ocean Protein, LLC*,
    No. C 09-01451 RS, 2009 WL 3763163 (N.D. Cal. Nov. 3, 2009)........................ 3

*New York Cent. R. Co. v. Ambrose*,
    280 U.S. 486 (1930)......................................................................................... 8

*Oestreicher v. Alienware Corp.*,
    544 F. Supp. 2d 964 (N.D. Cal. 2008) ............................................................ 3

*Pierre v. Nicoll*,
    No. 13-CV-02427-WHO, 2013 WL 5402088 (N.D. Cal. Sept. 25, 2013) .............. 8

*Rahman v. Mott's LLP*,
    No. CV 13-3482 SI, 2014 WL 5282106 (N.D. Cal. Oct. 15, 2014) ............... 17, 18

*Reichert v. Gen. Ins. Co. of Am.*,
    68 Cal. 2d 822 (1968) .................................................................................. 18

*Ruiz v. Gap, Inc.*,
    622 F. Supp. 2d 908 (N.D. Cal. 2009) ........................................................... 10

*Sanchez v. Lending Tree LLC*,
    No. 10CV1593 JLS, 2010 WL 3983390 (S.D. Cal. Oct. 12, 2010).................... 7

*Scognamillo v. Credit Suisse First Boston*,
    254 F. App'x 669 (9th Cir. 2007) ................................................................... 9

*State of Cal. (Dep't of Health Servs., Medi-Cal) v. Home Fed. Sav. & Loan Ass'n of San Francisco*,
    No. C-89-2833-MHP, 1989 WL 163578 (N.D. Cal. Dec. 6, 1989)........................ 8

*Stewart v. Am. Ass'n of Physician Specialists*,
    No. 5:13-CV-01670-ODW(DTBx), 2014 WL 2197795 (C.D. Cal. May 27, 2014).............. 14

*Tietsworth v. Sears, Roebuck & Co.*,
    720 F. Supp. 2d 1123 (N.D. Cal. 2010) ......................................................... 21

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003)......................................................................... 4

*VonGrabe v. Sprint PCS*,
 312 F. Supp. 2d 1313 (S.D. Cal. 2004) ................................................................... 16

*Warner v. Tinder Inc.*,
 105 F. Supp. 3d 1083 (C.D. Cal. 2015) ................................................................... 12

*Weilian Lu, by & through Xiaojie Ge v. Star Marianas Air, Inc.*,
 No. 1:14-CV-00023, 2015 WL 632390 (D. N. Mar. I. Feb. 12, 2015) .................... 9

*Williamson v. Apple, Inc.*,
 No. 5:11-cv-00377 EJD, 2012 WL 3835104 (N.D. Cal. Sept. 4, 2012) ................... 14

*Willingham v. Glob. Payments, Inc.*,
 No. 1:12-CV-01157-RWS, 2013 WL 440702 (N.D. Ga. Feb. 5, 2013) ............... 6, 17

STATUTES

Cal. Bus. Prof. Code
 § 17200 *et seq.* ........................................................................................................ 3
 § 17203 ...................................................................................................................... 16

Cal. Civ. Code
 § 1621 ........................................................................................................................ 18
 § 1798.14 ................................................................................................................... 14
 § 1798 *et seq.* ........................................................................................................... 15
 § 1798.80(c) .............................................................................................................. 15
 § 1798.81.5 ................................................................................................................ 15
 § 1798.84 ................................................................................................................... 15
 § 1798.84(d) .............................................................................................................. 16

OTHER AUTHORITIES

Fed. R. Civ. P.
 Rule 9(b) ............................................................................................................ *passim*
 Rule 12(b)(6) .............................................................................................................. 3

## <u>STATEMENT OF THE ISSUES TO BE DECIDED</u>

1. **Failure to State a Negligence Claim.**  Have Plaintiffs stated a claim for negligence where they assert only economic losses, and where their allegations regarding Seagate's breach of any duty, causation, and harm are speculative and conclusory?

2. **Failure to State a UCL Claim.**  Have Plaintiffs stated a UCL claim where: (1) their claims are grounded in fraud, but where Plaintiffs fail to plead reliance, consumer deception, or any particular fact allegations to support their claims; (2) Plaintiffs do not plead the requirements for an "unfair" claim; (3) Plaintiffs do not state any underlying statutory violation to support their "unlawful" UCL claim; and (4) Plaintiffs fail to plead facts showing they are entitled to any remedies available under the UCL.

3. **Failure to State a Declaratory Judgment Claim.**  Can Plaintiffs state a declaratory judgment claim when it is not a separate cause of action as a matter of law?

4. **Failure to State a Breach of Implied Contract Claim.**  Have the Employee Plaintiffs stated a breach of implied contract claim where they do not plead facts showing there was any implied contract or that Seagate breached any implied covenant by consciously and purposefully frustrating their employment agreements?

1  <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2  **I.     INTRODUCTION**

3      Current and former Seagate employees—as well as a "third party" spouse of an

4  employee—bring this purported class action based on a "phishing" attack against Seagate by

5  unknown criminals.  Earlier this year, unknown criminals, under the guise of what appeared to be

6  a legitimate request, deceived a Seagate employee into disclosing W-2 tax information of Seagate

7  employees.  As soon as Seagate became aware of the phishing attack, Seagate immediately

8  investigated and within three days, notified the affected employees, and five days thereafter,

9  notified the former employees whose tax information had been disclosed.  Plaintiffs seek to hold

10  Seagate responsible for harm allegedly caused by third-party criminals.  But Plaintiffs cannot

11  state a claim based solely on the allegation that an unfortunate, unforeseen event occurred.  They

12  must actually allege *facts* that show they are entitled to relief from Seagate.  They have not done

13  so, and the entire Complaint must be dismissed as a result.

14      <u>First</u>, Plaintiffs fail to state a claim for negligence.  The economic loss doctrine bars

15  negligence claims asserting only economic harm.  Because Plaintiffs do not plead any personal or

16  property injury claims, and have not pled any facts showing that any exception applies, Plaintiffs'

17  negligence claims are barred.  Even if Plaintiffs could overcome the economic loss doctrine,

18  Plaintiffs' conclusory allegations that Seagate breached any duty owed, and that Plaintiffs

19  suffered injury caused by that breach, cannot state a negligence claim.

20      <u>Second</u>, Plaintiffs fail to state a claim under the UCL.  Their claims—which are grounded

21  in Seagate's alleged misrepresentations and omissions—fail to meet the requirements for fraud-

22  based allegations, including pleading actual reliance, consumer deception, and the particular facts

23  underlying the fraud.  Nor do Plaintiffs include plausible allegations demonstrating "unfair"

24  conduct or any underlying statutory violation required to plead "unlawful" conduct.  Even if they

25  could state a claim, Plaintiffs are not entitled to any remedies available under the UCL.

26      <u>Third</u>, Plaintiffs cannot assert a declaratory judgment claim because declaratory judgment

27  is not an independent cause of action.  In any event, this claim is premised entirely on Plaintiffs'

28  deficient negligence and UCL claims and should be dismissed for the same reasons.

1    <u>Fourth</u>, the Employee Plaintiffs fail to state a claim for breach of implied contract.

2    Plaintiffs have not alleged the "mutual assent" required to form an implied contract.  Nor have

3    they alleged that Seagate intended to frustrate the core purpose of their employment agreements –

4    the provision of employment – by failing to safeguard their PII.  Indeed, the four former

5    employees cannot plead around this deficiency because they had no employment contract with

6    Seagate at the time of the "phishing" incident.

7        The claims asserted by Linda Castillo, the only "non-employee" Plaintiff, are particularly

8    deficient because she cannot allege that Seagate disclosed any of her PII when the alleged

9    disclosure was limited to W-2 tax information of *employees*.  The claims of the "Third Party"

10   class Ms. Castillo seeks to represent has no support in fact or law, and should be stricken.

11       For these reasons, Seagate respectfully requests that the Court dismiss Plaintiffs'

12   Complaint.

13   **II.    FACTUAL BACKGROUND**

14       Plaintiffs Everett Castillo, Nicholas Dattoma, Wendy Tran, and Steven Wilk are former

15   employees of Seagate or Seagate subsidiaries.  Freda Lang is the only Plaintiff who is a current

16   Seagate employee.  Linda Castillo, the wife of Everett Castillo, is not and has never been a

17   Seagate employee ("Third-Party Plaintiff").  (Compl. ¶¶ 7-12.)  Plaintiffs allege that they

18   provided Seagate with confidential PII in connection with their employment or employment

19   benefits.  (*Id.* ¶¶ 26, 29, 31, 32, 33.)  The current and former employees ("Employee Plaintiffs")

20   claim that they were notified that their 2015 W-2 data was disclosed as a result of a phishing

21   scam against Seagate.  (*Id.*)  Certain, but not all, Plaintiffs allege that fraudulent tax returns were

22   filed on their behalf thereafter.  (*Id.* ¶¶ 26, 29, 31, 32, 33.)  Although notice regarding the

23   phishing attack was sent to Plaintiffs within days of the attack, Plaintiffs claim that Seagate failed

24   to timely and adequately notify them of the breach.  (*Id.* ¶ 20.)

25       Plaintiffs purport to represent two nationwide classes: (1) an "Employee Class" consisting

26   of "[a]ll current and former Seagate or Seagate affiliates' employees whose PII was compromised

27   as a result of the Data Breach"; and (2) a "Third-Party Class" defined as "[a]ll non-current or non-

28   former Seagate or Seagate affiliates' employees whose PII was compromised as a result of the

Data Breach, including but not limited to spouses, children, or other individuals associated with Employees." (*Id.* ¶¶ 38(a)-(b).)  The "Third Party" class, however, has no members.  Despite Plaintiffs' baseless allegations, no PII of any "Third Parties" was disclosed by Seagate in this incident because it was limited to the disclosure of W-2 tax information, which, by definition relates only to ***employees***.

Plaintiffs assert four causes of action: (1) negligence; (2) violation of the "fraudulent," "unfair," and "unlawful" prongs of California's Unfair Competition Law, Cal. Bus. Prof. Code § 17200 *et seq.* ("UCL"); (3) declaratory judgment; and (4) breach of implied contract (on behalf of Employee Plaintiffs only).  (*Id.* ¶¶ 46-81.)  Plaintiffs request that the Court award them "actual damages" as well as "equitable, injunctive, and declaratory relief."  (Compl. at 24:1-13.)

## III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to allege facts establishing a claim to relief which is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. 677 (quoting *Twombly*, 550 U.S. at 555). Indeed, the Court need not accept as true conclusory allegations or legal characterizations, nor need it accept unreasonable inferences or unwarranted deductions of fact.  *See Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 968 (N.D. Cal. 2008), *aff'd*, 322 F. App'x 489 (9th Cir. 2009); *see also Nat. Proteins, LLC v. Ocean Protein, LLC*, No. C 09-01451 RS, 2009 WL 3763163, at *2 (N.D. Cal. Nov. 3, 2009) (Seeborg, J.) ("'[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice.'") (citing *Iqbal*, 556 U.S. at 678).

Where the plaintiff alleges claims based on fraud, those claims must be pled with particularity under Federal Rule of Civil Procedure 9(b).  The Ninth Circuit has made clear that all "averments of fraud" must be specifically pled "irrespective of whether the substantive law at issue is state or federal," and even where "fraud is not an essential element of a claim."  *Kearns v.*

*Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) (quotations and citation omitted).  If a plaintiff's claim are "'grounded in fraud' or 'sound in fraud,' . . . the pleading . . . as a whole must satisfy the particularity requirement of Rule 9(b).'"  *Id.* (citation omitted); *see also Baba v. Hewlett-Packard Co.*, No. C 09-05946 RS, 2011 WL 317650, at *2 (N.D. Cal. Jan. 28, 2011) (Seeborg, J.) (citing *Kearns* for the proposition that claims grounded in fraud must be averred with particularity as to the circumstances of alleged misrepresentations or omissions).  Under Rule 9(b), fraud claims based on conclusory allegations must be dismissed.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106-08 (9th Cir. 2003).

## IV.   ARGUMENT

### A.   Plaintiffs Fail to State A Claim for Negligence.

To state a negligence claim, Plaintiffs must allege: (1) the existence of a duty to exercise due care; (2) breach of that duty; (3) causation; and (4) damages.  *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 959-60 (S.D. Cal. 2012) ("*Sony I*") (citing *Paz v. Cal.*, 22 Cal. 4th 550, 558 (2000)).  Moreover, under the economic loss doctrine, if a plaintiff does not allege personal injury or property damage, he or she must establish an exception to the economic loss doctrine to survive dismissal.  *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 967 (S.D. Cal, 2014) ("*Sony II*").

Plaintiffs' negligence claim fails because: (1) it is barred by the economic loss doctrine; and (2) Plaintiffs cannot rely on conclusory allegations to state a claim.

#### 1.   Plaintiffs' Claims are Barred by the Economic Loss Doctrine.

Under California law, "'[i]n the absence of (1) personal injury, (2) physical damage to property, (3) a 'special relationship' existing between the parties, or (4) some other common law exception to the rule, recovery of purely economic loss is foreclosed.'"  *Id.* (quoting *Kalitta Air, LLC v. Cent. Tex. Airborne Sys., Inc.*, 315 F. App'x 603, 605 (9th Cir. 2008)).

Here, Plaintiffs seek to recover only for economic harm: current and future out-of-pocket costs.  (*See, e.g.*, Compl. ¶ 53.)  Because Plaintiffs have not alleged any personal injury or physical damage to property, they must demonstrate a special relationship between the parties to justify an exception to the doctrine.  *See, e.g., Sony I*, 903 F. Supp. 2d at 960.

1    Courts consider the following six factors in determining whether a special relationship

2    exists: (1) the extent to which the transaction upon which an alleged relationship is based was

3    intended to affect the plaintiff; (2) the foreseeability of harm to the plaintiff; (3) the degree of

4    certainty that the plaintiff suffered injury; (4) the closeness of the connection between the

5    defendant's conduct and the injury suffered; (5) the moral blame attached to the defendant's

6    conduct; and (6) the policy of preventing future harm.  *J'aire Corp. v. Gregory*, 24 Cal. 3d 799,

7    804 (1979).

8    The Complaint does not address the *J'aire* factors at all – much less show that they

9    demonstrate a special relationship that justifies an exception to the rule.  The Court should

10   dismiss the negligence claim as barred by the economic loss doctrine.  *Cf. Sony I*, 903 F. Supp. 2d

11   at 962 (negligence claims failed because plaintiffs did not adequately allege why the economic

12   loss doctrine did not apply or how the *J'Aire* factors weighed in favor of a "special relationship");

13   *Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 820 (N.D. Cal. 2014) (dismissing negligence claim

14   where plaintiff's alleged injuries were purely economic and where plaintiff failed to allege any

15   personal injury, property damage, or special relationship); *see also In re Target Corp. Customer*

16   *Data Sec. Breach Litig.*, 66 F. Supp. 3d 1154, 1172 (D. Minn. 2014) (dismissing negligence claim

17   under the economic loss rule for failure to state an exception to the economic loss doctrine).

18   Nor could Plaintiffs establish any "special relationship" even if they tried.  In particular,

19   the foreseeability of harm is remote where the harm is caused by the independent actions of an

20   unknown third party; the degree of certainty of harm is far from certain; and no moral blame can

21   be attached to Seagate where Seagate was also victimized by the third-party criminal and has

22   offered generous identity protection services for the benefit of Plaintiffs.  (*See* Section IV.A.2,

23   *infra*; *see also Mega RV Corp. v. HWH Corp.*, 225 Cal. App. 4th 1318, 1342 (2014), *as modified*

24   *on denial of reh'g* (May 20, 2014), *review denied* (July 9, 2014) (finding that "no moral blame

25   [can be] attached to [defendant's challenged failures], even assuming failures occurred, [because]

26   there was certainly no evidence of reckless or purposeful behavior, or of anything other than

27   economic damages suffered by anyone involved in this case."); *Cabanas v. Gloodt Assocs., Inc.*,

28   CA No. 96-17081, 1998 U.S. App. LEXS 3779, at *15 (9th Cir. Mar. 3, 1998) (affirming district

1  court's finding that no special relationship existed where "no moral blame can be attached" to

2  defendant's conduct because there was no evidence of morally blameworthy conduct in issuing

3  allegedly negligent bank appraisal).)

4      Moreover, there can be no "special relationship" between Seagate and Ms. Castillo when

5  she has no relationship with Seagate at all.  Plaintiffs do not—and cannot—allege that there was

6  any "transaction" between Seagate and Ms. Castillo intended to benefit her, or that any harm to

7  her was foreseeable, certain, or closely connected to any conduct by Seagate.  To the extent that

8  criminals had access to her Social Security Number, Seagate did not disclose it.  None of the

9  Plaintiffs can demonstrate a "special relationship" that justifies an exception to the economic loss

10  doctrine.  *Cf. In re Sony II*, 996 F. Supp. 2d at 973 (no "special relationship" where the first two

11  *J'Aire* factors were not satisfied, even though the remaining factors weighed in favor of a special

12  relationship).

13      **2.    Plaintiffs Fail to Plausibly State a Claim for Negligence.**

14      Even if Plaintiffs' allegations were not barred by the economic loss doctrine, they have

15  failed to state a plausible claim for negligence.  Plaintiffs' conclusory allegations regarding

16  Seagate's breach of any duty, causation, and resulting damages cannot survive dismissal.

17      **a.    Plaintiffs Fail to Plausibly Allege Seagate Breached Any Duty.**

18      Plaintiffs' allegations regarding Seagate's supposed breach of any duty are merely

19  speculative and conclusory.  "'It is well established that the occurrence of an unfortunate event is

20  not sufficient to authorize an inference of negligence.'"  *See Willingham v. Glob. Payments, Inc.*,

21  No. 1:12-CV-01157-RWS, 2013 WL 440702, at *19 (N.D. Ga. Feb. 5, 2013) (citation omitted)

22  (dismissing negligence claim based on alleged harm resulting from data breach); *Mountain*

23  *Copper Co. v. Van Buren*, 123 F. 61, 62 (9th Cir. 1903) ("'the fact of accident carries with it no

24  presumption of negligence on the part of the employer, and it is in affirmative fact for the injured

25  employe[e] to establish that the employer has been guilty of negligence'". . . "no mere sympathy

26  for the unfortunate victim of an accident justifies any departure from settled rules of proof resting

27  upon all plaintiffs.") (citation omitted); *Cruz v. United States*, 987 F. Supp. 1299, 1304 (D. Haw.

28  1997), *aff'd*, 165 F.3d 915 (9th Cir. 1998) (defendant is not liable to plaintiff, despite "unfortunate

1 accident," where plaintiff failed to demonstrate negligent conduct).

2       Plaintiffs do nothing more than point to an "unfortunate event" and allege, without any

3 support, that security measures must have been inadequate.  (Compl. ¶ 54.)  But Plaintiffs fail to

4 provide any *fact allegations* showing that Seagate did not employ reasonable security measures,

5 policies, procedures, and training.  Plaintiffs' conclusory allegations regarding Seagate's alleged

6 breach fail to state a claim.  *Cf. See Bem v. Stryker Corp.*, No. C 15-2485 MMC, 2015 WL

7 4573204, at *1 (N.D. Cal. July 29, 2015) (dismissing negligence claims as deficient where

8 plaintiff relied "solely on conclusory allegations" and failed to plead facts demonstrating how the

9 defendant was negligent or how any such negligence caused or contributed to any specified

10 injury); *Sanchez v. Lending Tree LLC*, No. 10CV1593 JLS, 2010 WL 3983390, at *2 (S.D. Cal.

11 Oct. 12, 2010) (plaintiff's allegation that defendant breached duty to protect personal information

12 "is a conclusory statement and is therefore insufficient to establish the 'breach' element of a

13 negligence cause of action.  Instead, it is merely a 'formulaic recitation of the element[ ] of a

14 cause of action.'") (citation omitted).

15       Plaintiffs' breach claim based on their allegation of untimely notice fares no better.

16 (Compl. ¶ 51.)  Plaintiffs admit that Seagate notified current employees three days after it became

17 aware of the breach, on March 4, 2016, and notified former employees five days thereafter, on

18 March 9, 2016.  Plaintiffs do not explain how this notice was inadequate or what time period

19 would have satisfied Seagate's duty.  Conclusory allegations that notice should have happened

20 sooner are simply not enough.  *Cf. Sanchez*, 2010 WL 3983390, at *2.

21       The negligence claim of Ms. Castillo, the non-employee Plaintiff, must be dismissed for

22 additional reasons.  Her sole basis for asserting that Seagate owed her a duty is the bare allegation

23 that Mr. Castillo provided her "name, date of birth and social security number in connection with

24 his employment." (Compl. ¶ 29.)  But Plaintiffs allege no facts regarding why, when, or how they

25 provided Ms. Castillo's PII to Seagate.  Although Plaintiffs generically refer elsewhere to third-

26 party PII being provided in connection with "retirement plans, health insurance coverage, or other

27 insurance plans" (*id.* ¶ 48), Ms. Castillo does not allege that her PII was provided for any of these

28 reasons and that it was provided to Seagate, rather than to the relevant insurance or investment

1   companies providing the actual benefits to employees.

2          Even if Ms. Castillo could plausibly allege that Seagate had possession of the PII she

3   claims was disclosed, she cannot allege that Seagate disclosed it.  Plaintiffs admit that they were

4   notified about the disclosure of "W-2 data." (Compl. ¶ 14.)  By definition, W-2 data provides

5   information about the *employee*.  (*Id.* (describing *employee* PII included in W-2 information).)

6   Instead, Plaintiffs merely speculate that a fraudulent joint tax return "*suggests* that Seagate

7   disclosed in the Data Breach more information than just Form W-2 data." (*Id.* ¶ 15.) (emphasis

8   added).  But given that one Plaintiff admits that her PII was disclosed in another "unrelated data

9   breach" (*id.* ¶ 28), Plaintiffs cannot plead the breach of a duty premised on the baseless insistence

10  that Seagate somehow "must've" disclosed non-employees' Social Security Numbers in addition

11  to the W-2 data.  The Court should dismiss Ms. Castillo's unsubstantiated claims.  *Pierre v.*

12  *Nicoll*, No. 13-CV-02427-WHO, 2013 WL 5402088, at *4 (N.D. Cal. Sept. 25, 2013) (dismissing

13  negligence claims where plaintiff did not plead any facts to support conclusory allegations that

14  defendants owed him a duty and failed to allege how defendants owed a duty to him directly); *see*

15  *also State of Cal. (Dep't of Health Servs., Medi-Cal) v. Home Fed. Sav. & Loan Ass'n of San*

16  *Francisco*, No. C-89-2833-MHP, 1989 WL 163578, at *4 (N.D. Cal. Dec. 6, 1989) ("'No duty

17  can arise in the absence of some word or deed making a nonemployee spouse a direct victim of

18  the employer's [alleged] tortious conduct.'") (quoting *Anderson v. Northrop Corp.*, 203 Cal. App.

19  3d 772, 780 (1988)).

20              **b.      Plaintiffs Fail to Allege that Any Breach by Seagate Caused**
                          **Plaintiffs' Alleged Injury.**
21

22          Plaintiffs must specifically allege that they suffered harm that was ***caused by*** Seagate's

23  breach of a duty owed.  *See Sony II*, 996 F. Supp. 2d at 964 (dismissing negligence claims based

24  on data breach where plaintiffs failed to "specifically allege … how the alleged property damage

25  was proximately caused by Sony's breach.").

26          Plaintiffs fall short of this standard.  They fail to allege facts showing that the disclosure

27  of W-2 information proximately caused their alleged damages.  For example, Plaintiff Wendy

28  Tran admits that she was the target of a prior "unrelated data breach" (Compl. ¶ 28), which may

1   have caused her alleged injury.  Because there are multiple possible causes of any alleged harm,

2   Plaintiffs cannot state a negligence claim.  *See New York Cent. R. Co. v. Ambrose*, 280 U.S. 486,

3   490 (1930) ("The utmost that can be said is that the accident may have resulted from any one of

4   several causes, for some of which the company was responsible, and for some of which it was

5   not. This is not enough [to show negligence].").

6        The causal chain is also especially weak for Ms. Castillo, as Plaintiffs cannot allege that

7   Seagate ever disclosed her PII at all.  The absence of facts showing the required causal link also

8   compels dismissal.  *Cf. Sony II*, 996 F. Supp. 2d at 964 (dismissing negligence claims for

9   including only conclusory allegations of causation); *Scognamillo v. Credit Suisse First Boston*,

10  254 F. App'x 669, 670 (9th Cir. 2007) (affirming dismissal of negligent misrepresentation claim "

11  because appellants failed to plead loss causation."); *Weilian Lu, by & through Xiaojie Ge v. Star*

12  *Marianas Air, Inc.*, No. 1:14-CV-00023, 2015 WL 632390, at *6 (D. N. Mar. I. Feb. 12, 2015)

13  (dismissing negligence claim for failure to plead causation).

14       Moreover, the absence of any explanation as to how any allegedly deficient notice caused

15  Plaintiffs any harm is fatal to their negligence claim based on the alleged delay in notification.

16  *Cf. Corona v. Sony Pictures Entm't, Inc.*, No. 14-CV-09600 RGK (Ex), 2015 WL 3916744, at *5

17  (C.D. Cal. June 15, 2015) (finding "implausible any argument that [defendant's] alleged delay in

18  notification proximately caused any . . . injury discussed"); *Sony II*, 996 F. Supp. 2d at 965

19  (plaintiffs' "allegations [do not] set forth a plausible claim that the alleged untimely disclosure,

20  and not the intrusion itself, resulted in [the plaintiffs'] alleged injuries.").

21             **c.**     **Plaintiffs Fail to Allege Non-speculative Damages.**

22       "[A]ppreciable, nonspeculative, present harm is an essential element of a negligence cause

23  of action."  *Sony I*, 903 F. Supp. 2d at 962-63.  Plaintiffs' claim for damages does not meet this

24  requirement.

25       Plaintiffs assert that they will suffer the following harm in the future: "increased future out

26  of pocket costs in connection with preparing and filing tax returns"; "in the event of future

27  identity theft, out-of-pocket costs associated with repairing credit, reversing fraudulent charges,

28  and other harms"; and "lost productivity and enjoyment as a result of time spent monitoring,

addressing, and correcting future consequences of the Data Breach." (Compl. ¶ 53.)  The alleged *future* damages cannot satisfy Plaintiffs' obligation to plead nonspeculative, present harm.  *Cf. Sony I*, 903 F. Supp. 2d at 962-63 ("the threat of future harm does not normally suffice to create a cause of action for negligence."); *see In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *9 (N.D. Cal. Sept. 20, 2011) (dismissing negligence claims where "[p]laintiffs . . . failed to allege "appreciable, nonspeculative present injury"); *Corona*, 2015 WL 3916744, at *4 ("To the extent plaintiffs allege future harm or an increased risk in harm that has not yet occurred, those allegations do not support a claim for negligence, as they fail to allege a cognizable injury . . .); *Ruiz v. Gap, Inc.*, 622 F. Supp. 2d 908, 913 (N.D. Cal. 2009) (finding that an increased risk of future identity theft "does not rise to the level of appreciable harm necessary to assert a negligence claim").  "Similarly, general allegations of lost time are too speculative to constitute cognizable injury."  *Corona*, 2015 WL 3916744, at *4.

Plaintiffs' allegations of present harm are not actionable either.  Plaintiffs Everett and Linda Castillo allege nothing more than unspecified lost "time." (Compl. ¶ 30.)  Although the Castillos allegedly "are considering purchasing" an additional identity theft protection service, they have not alleged that they actually purchased any such service.  (*Id*.)  Even if they purchased such a service, these self-inflicted costs based on hypothetical harms are insufficient to even support standing, let alone recoverable for negligence.  *See, e.g.*, *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1151 (2013) ("respondents cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending.").  Likewise, this "self-inflicted" harm based on fears of future harm or of deficiencies in ProtectMyID are not recoverable simply because Mr. Dattoma and Mr. Wilk unilaterally chose to purchase a different service provided by Seagate or because Ms. Tran unnecessarily paid an accountant for unspecified tasks.  As to Ms. Lang, she has alleged no harm at all, as she admits she "has been in contact with a third-party hired by Defendant" and is receiving assistance paid for by Seagate.  (Compl. ¶ 32.)  Although she asserts that she was told by the IRS "it may take up to 180 days to resolve" her paperwork, she does not allege any damages caused by a delay (if there was any) in processing her tax return.  (*Id*.)

1    Plaintiffs have not alleged facts sufficient to establish a negligence claim, and that claim

2    should be dismissed.

3    **B.      Plaintiffs Fail to State A UCL Claim or Any Entitlement to UCL Remedies.**

4        **1.      Plaintiffs Fail to Allege Reliance or Consumer Deception, and Fails to
             State Their Claims with Particularity, as Required for Fraud-Based
5             UCL Claims.**

6    Plaintiffs' UCL claims hinge on the theory that Seagate failed to disclose it had

7    inadequate procedures for protecting PII and then failed to adequately disclose to Plaintiffs the

8    nature of the breach.  (*See* Compl. ¶ 63.)  In challenging alleged "misrepresentations and

9    omissions" by Seagate (*id.*), Plaintiffs' UCL claims are grounded in fraud.  (*See* Section III.)

10   Plaintiffs accordingly must: (i) plead—with specificity—that they relied on any alleged

11   misrepresentations or omissions by Seagate, *see Sony I*, 903 F. Supp. 2d at 969; *Doe v.*

12   *SuccessfulMatch.com*, 70 F. Supp. 3d 1066, 1076 (N.D. Cal. 2014) (actual reliance requirement

13   applies to all claims under the UCL to the extent they are based on fraudulent conduct, including

14   "unlawful" and "unfair" claims); (ii) show that "'members of the public are likely to be

15   deceived,'" *Sony I*, 903 F. Supp. at 967 (citation omitted); and (iii) plead each of their UCL

16   claims with particularity, including "'an explanation as to why [a challenged] statement or

17   omission complained of was false and misleading."  *Id.* (quoting *In re GlenFed, Inc. Sec. Litig.*,

18   42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), superseded by statute on other grounds); *see also*

19   *Kearns*, 567 F.3d at 1125.  Plaintiffs fail to meet these requirements.

20   First, Plaintiffs do not identify *any* statement by Seagate regarding its security processes

21   or protection of employee PII, let alone a misrepresentation that Plaintiffs relied upon.  Nor do

22   Plaintiffs specify what information about those processes that Seagate allegedly omitted or that

23   they would have changed their behavior with respect to accepting employment with Seagate or

24   providing their PII to Seagate.  *See In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-

25   LHK, 2016 WL 3029783, at *35 (N.D. Cal. May 27, 2016) (in alleged fraudulent omission case, a

26   plaintiff must establish reliance by showing that "'had the omitted information been disclosed, the

27   plaintiff would have been aware of it and behaved differently.'") (citation omitted).  Without

28   pleading personal reliance, Plaintiffs lack standing to pursue their UCL claims.  *Cf. Id.* at *37

1    (finding insufficient under Rule 9(b) plaintiffs' bare allegation that "'[i]n reliance upon

2    [Defendants' negligent] misrepresentations, [p]laintiffs...purchased insurance or health benefits

3    services from [d]efendants.'") (citation omitted); *Sony I*, 903 F. Supp. 2d at 970 (dismissing UCL

4    claims because plaintiffs failed to plead actual reliance as required for UCL standing); *In re*

5    *Google Android Consumer Privacy Litig.*, No. 11-MD-02264 JSW, 2013 WL 1283236, at *9

6    (N.D. Cal. Mar. 26, 2013) ("*Google*") (same).

7        Second, Plaintiffs do not allege that any statements or omissions by Seagate were likely to

8    deceive reasonable consumers as required to state a fraud-based UCL claim.  Plaintiffs cannot

9    maintain an action sounding in fraud based on Seagate's "supposed clairvoyance as to

10   unspecified, future events" and its alleged failure to anticipate and disclose a potential phishing

11   attack by unknown criminals.  *See*, *Garcia v. Sony Computer Entm't Am.*, *LLC,* 859 F. Supp. 2d

12   1056, 1063 (N.D. Cal. 2012) (Seeborg, J.) (allegations that Sony should have anticipated that its

13   technology would become incompatible with future gaming systems failed to state a plausible

14   claim).  Indeed, Plaintiffs admit Seagate affirmatively disclosed and provided notice of the

15   phishing attack to Plaintiffs.  (Compl. ¶ 20.)   Plaintiffs do not allege that this notice omitted any

16   material information that was likely to deceive a reasonable consumer.

17       Because Plaintiffs fail to identify any misrepresentations or omissions that would deceive

18   a reasonable consumer, the Court should dismiss their UCL claims.  *Cf. Sony I*, 903 F. Supp. 2d at

19   968 (dismissing UCL claims where plaintiffs failed to show how representations, taken as whole,

20   would be likely to deceive the reasonable consumer); *Google*, 2013 WL 1283236, at *9

21   (dismissing UCL claims where plaintiffs failed to specify the exact statements that were at issue

22   and what specific information was omitted such that the statements were misleading, as well as

23   when and where the alleged misrepresentations were made to them); *Warner v. Tinder Inc.*,

24   105 F. Supp. 3d 1083, 1093 (C.D. Cal. 2015) (dismissing UCL claims where "court cannot

25   conclude that the purported representation would mislead an ordinary consumer.").

26       Third, even if Plaintiff could identify a misrepresentation or omission, the alleged

27   fraudulent conduct must satisfy Rule 9(b)'s heightened pleading requirement.  Rule 9(b) requires

28   that Plaintiff state "'the time, place, and content of the alleged fraudulent misrepresentation[ ]; the

1   identity of the person engaged in the fraud; and the circumstances indicating falseness' or 'the

2   manner in which [the] representations were false and misleading.'" *Sony II*, 996 F. Supp. 2d at

3   989 (citation omitted).

4         Plaintiffs do not come close.  Plaintiffs merely assert, for example, that Seagate engaged

5   in "fraudulent business practices under the UCL."  (Compl. ¶ 58.)  But they fail to specify what

6   those practices are or anything about the "time, place, and content of the alleged fraudulent

7   misrepresentation."  Similarly vague allegations have been dismissed as insufficient to satisfy

8   Rule 9(b) and to state a plausible claim.  *See, e.g.*, *Medina v. Microsoft Corp.*, No. C 14-0143 RS,

9   2014 WL 4243992, at *5 (N.D. Cal. Aug. 26, 2014) (Seeborg, J.) (dismissing claims where

10   plaintiff failed to show "'how' or 'when' deception occurred" and, did "not show with any

11   particularity deception of members of the public or harm to the public interest"); *Asturias v.*

12   *Nationstar Mortg. LLC*, No. 15-CV-03861-RS, 2016 WL 1610963, at *6 (N.D. Cal. Apr. 22,

13   2016) (allegations did "not come remotely close to satisfying" Rule 9(b) where "any [] important

14   detail that might establish fraud" was missing from the plaintiffs' complaint); *see also Hall v. Sea*

15   *World Entm't, Inc.*, No. 3:15-CV-660-CAB-RBB, 2015 WL 9659911, at *10 (S.D. Cal. Dec. 23,

16   2015) (noting that, while plaintiffs listed fifteen alleged misrepresentations, "for the majority of

17   these statements, [p]laintiffs do not allege any information concerning the 'who, what, when,

18   where, and how'" of fraud as required to plead a fraud-based UCL claim) (citation omitted).

19   Plaintiffs cannot avoid this heightened pleading standard by purporting to state an "unfair" claim.

20   *Baba*, 2011 WL 317650, at *5.

21         Because Plaintiffs' UCL claims are grounded in fraud and fail to meet any of the

22   requirements for fraud-based claims, the Court should dismiss the UCL claims.

23               **2.**      **Plaintiffs Fail to State a Claim Under the "Unfair" Prong.**

24         Plaintiffs' conclusory allegations also fail to state a claim under the UCL's "unfair" prong.

25   To state a claim for an "unfair" business practice, Plaintiffs must allege facts showing that the

26   practice "'offends an established public policy or when the practice is immoral, unethical,

27   oppressive, unscrupulous or substantially injurious to consumers.'" *Hodson v. Mars, Inc.*, No.

28   15-CV-04450-RS, 2016 WL 627383, at *7 (N.D. Cal. Feb. 17, 2016) (Seeborg, J.) (citation

1   omitted).  A plaintiff must either show—under the "balancing test"—that the practice's harm

2   outweighs the justifications for it, or—under the "'public policy' test"—that the UCL claim is

3   tethered "to some specific constitutional, statutory, or regulatory provisions.'"  *Id.* (citation

4   omitted).

5       Plaintiffs do nothing more than parrot the "balancing test."  Their bare allegation that

6   Seagate's conduct "offend[s] public policy and constitute[s] immoral, unethical, oppressive, and

7   unscrupulous activities" (Compl. ¶ 61) is insufficient.  *See, e.g.*, *Baba*, 2011 WL 317650, at *5-6

8   (dismissing unfairness claim where plaintiff stated timing and circumstances of warranty-

9   representations underlying alleged "unfairness" in a "conclusory fashion," and failed to allege

10  that defendant knew of alleged defect).

11      Nor do Plaintiffs satisfy the "public policy" test.  Plaintiffs do not tether their claims to

12  any constitutional, statutory, or regulatory provisions that relate to the alleged conduct.  Their

13  reliance on the Information Practices Act of 1977 and the California Customer Records Act are

14  inapposite.  (Compl. ¶ 61.)  The Information Practices Act of 1977 places limits only on *state*

15  *agencies'* collection and dissemination of personal information (*see e.g.*, Cal. Civ. Code

16  § 1798.14).  Seagate is not a state agency.  Likewise, the California Customer Records Act

17  applies only to PII collected from individuals who are *customers* and do not apply to PII collected

18  from employees.  (*See* section IV.B.3, *infra*.)

19      **3.    Plaintiffs Fail to State a Claim under the UCL's "Unlawful" Prong.**

20      Plaintiffs' UCL "unlawful" claim also fails because they have not plausibly alleged any

21  predicate statutory violation.  Courts routinely dismiss UCL claims where the plaintiff has not

22  established a violation of an underlying law.  *See, e.g., Williamson v. Apple, Inc.*, No. 5:11-cv-

23  00377 EJD, 2012 WL 3835104, at *9 (N.D. Cal. Sept. 4, 2012). "A[n 'unlawful' UCL] complaint

24  fails . . . if it 'identifies no particular section of the statutory scheme which was violated and fails

25  to describe with any reasonable particularity the facts supporting violation.'" *Stewart v. Am. Ass'n*

26  *of Physician Specialists*, No. 5:13-CV-01670-ODW(DTBx), 2014 WL 2197795, at *5 (C.D. Cal.

27  May 27, 2014) (citation omitted); *see also Google*, 2013 WL 1283236, at *8 (dismissing UCL

28  unlawful claims were plaintiff failed to allege facts demonstrating statutory violations).

1    Here, Plaintiffs' "unlawful" claim relies solely on alleged violations of the California

2 Customer Records Act, Cal. Civ. Code § 1798 *et seq.* ("CRA").  (*See* Compl. ¶ 59.)  But the CRA

3 applies only to claims brought by "customers," Cal. Civ. Code § 1798.84, and defines a

4 "customer" as "an individual who provides personal information to a business for the purpose of

5 purchasing or leasing a product or obtaining a service from the business."  Cal. Civ. Code

6 § 1798.80(c).  Plaintiffs—current and former Seagate employees or spouses of employees—

7 allegedly provided their PII to Seagate to obtain employment or employment benefits—not to

8 purchase or lease a Seagate product or obtain Seagate's services.  Plaintiffs are ***not*** "customers"

9 under the CRA, and therefore cannot allege any violation of the statute.

10    The court in *Corona* dismissed CRA claims asserted by employees for this very reason –

11 because employees are clearly "not customers within the meaning of the statute."  *Corona*, 2015

12 WL 3916744, at *7.  The court rejected the plaintiffs' argument that section 1798.81.5(a)(1),

13 which refers to "California residents," indicated that employees fall within the statute's scope.  *Id.*

14 The court held that, in looking at the "broader context, it is clear that the statute intends to protect

15 California residents in their role as customers," as: (i) "the title of the statute is 'California

16 *Customer* Records Act,'"; (ii) "all primary regulating provisions reference either customers or

17 information that a business owns, licenses, or maintains"; (iii) "'customer' is narrowly defined";

18 and (iv) section "1798.81.5 states that the terms 'own,' 'license,' and 'maintain' refer to personal

19 information that a business retains as part of the business' internal *customer account.*"  *Id.* (citing

20 CRA § 1798.81.5(a)(2)) (emphases in original).  Because the statute is limited to information

21 collected from individuals in their capacities as customers and because plaintiff employees could

22 not allege they were customers, the court held that plaintiffs failed to state a CRA claim and that

23 amendment would be futile.  *Id.*  The court accordingly dismissed plaintiffs' CRA claims with

24 prejudice.  *Id.*

25    The reasoning in *Corona* likewise compels dismissal of Plaintiffs' "unlawful" UCL claim

26 here.  Plaintiffs cannot allege that they are Seagate's customers.  Plaintiffs admit that the PII at

27 issue was provided to Seagate in their roles as ***employees*** – not customers.  (*See, e.g.*, Compl.

28 ¶¶ 26, 29 (alleging that confidential information was provided "in connection with [Plaintiffs']

1  employment").) This admission makes any amendment futile. The Court should dismiss

2  Plaintiffs' UCL "unlawful" claim with prejudice.[1]

3  **4.      Plaintiffs Are Not Entitled to any Remedies for Their UCL Claims.**

4  Even if Plaintiffs could allege UCL claims—and they cannot—they are not entitled to

5  restitution or injunctive relief, the sole remedies provided under the statute.  *See* Cal. Bus. & Prof.

6  Code § 17203.  Plaintiffs cannot recover any of their alleged "actual damages" or "out of pocket

7  costs" under the UCL because these damages are not recoverable under the UCL.  *See*

8  *VonGrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1324 (S.D. Cal. 2004) ("According to the

9  California Supreme Court, an alleged UCL violation does *not* provide for recovery of damages as

10  a matter of law.") (citing *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 173

11  (2000)) (emphasis added).

12  First, restitution and/or disgorgement under the UCL "'compel a defendant to return

13  money obtained through an unfair business practice to persons in interest from whom the property

14  was taken.'" *Sony I*, 903 F. Supp. 2d at 970 (citation omitted).  To recover restitution from

15  Seagate, Plaintiffs must prove that Seagate obtained "a corresponding benefit" from the alleged

16  conduct.  *Id.*; *McKenzie v. Wells Fargo Bank, N.A.*, 931 F. Supp. 2d 1028, 1045 (N.D. Cal. 2013)

17  ("To state a claim for restitution, a plaintiff 'must plead receipt of a benefit and the unjust

18  retention of the benefit at the expense of another.'") (citation omitted).  But Seagate did not

19  benefit financially from the phishing attack against it, nor did Seagate receive the money

20  allegedly paid by Ms. Tran to her accountant or by Mr. Silk and Mr. Dattoma to Lifelock.  *See,*

21

22  _____

[1] Plaintiffs' alleged CRA violation fails for other reasons too.  Plaintiffs' claims based on
23  Seagate's alleged "unreasonable delay" are barred by section 1798.84(d), which provides that a
business has a "complete defense" to any action under the statute based on alleged failures to
24  provide necessary or timely information as required by the CRA if the business provides all
necessary information "within 90 days of the date the business knew that it had failed to provide"
25  the relevant information, unless the business' failure was "willful, intentional, or reckless." Cal.
Civ. Code § 1798.84(d).  Here, Plaintiffs admit that Seagate notified employees within three days
26  of becoming aware of the breach, and former employees five days thereafter, and they do not
allege that this notice omitted information required under the CRA or that Seagate's allegedly
27  improper conduct was willful, intentional, or reckless.  Plaintiffs' "unlawful" UCL claim
premised entirely on the CRA must be dismissed for this reason as well.  *See Sony I*, 903 F. Supp.
28  2d at 973.

1    *e.g.*, *Sony I*, 903 F. Supp. 2d at 970 (holding that plaintiff was not entitled to restitution based on

2    claims of a data breach allegedly caused by defendant).  Plaintiffs do not—and cannot—allege

3    otherwise.  They cannot recover any restitution or disgorgement from Seagate because Seagate

4    was not enriched in any way by the phishing attack.  *Cf. Id.*; *McKenzie*, 931 F. Supp. 2d at 1045

5    (restitution unavailable where plaintiff failed to allege facts showing defendant "was enriched in

6    any [] way."); *see also Groupion, LLC v. Groupon, Inc.*, 859 F. Supp. 2d 1067, 1083 (N.D. Cal.

7    2012) (restitution unavailable where plaintiff failed to submit evidence demonstrating defendant

8    obtained money from plaintiff or otherwise has an ownership interest in any of defendant's

9    profits).

10          Second, while Plaintiffs seek injunctive terms requiring Seagate to adopt a laundry-list of

11    security measures, as well as to provide ongoing identity theft protection, monitoring, and

12    recovery services (Compl. ¶ 66), they lack standing to pursue such relief under the UCL.  "'To

13    have standing to obtain injunctive relief, a plaintiff must allege that a 'real or immediate threat'

14    exists that he will be wronged again.'"  *Rahman v. Mott's LLP*, No. CV 13-3482 SI, 2014 WL

15    5282106, at *5 (N.D. Cal. Oct. 15, 2014), *reconsideration denied*, No. 13-CV-03482-SI, 2014

16    WL 6815779 (N.D. Cal. Dec. 3, 2014) (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 111

17    (1983).  "The 'threatened injury must be certainly impending to constitute injury in fact, and

18    allegations of possible future injury are not sufficient.'"  *Id.* (quoting *Clapper*, 133 S. Ct. at

19    1141).

20          Plaintiffs' speculative allegations that they face an increased risk of future harm cannot

21    justify any claim for injunctive relief against Seagate.  *See, e.g.*, *In re Zappos.com, Inc. Customer*

22    *Data Sec. Breach Litig.*, 108 F. Supp. 3d 949, 959 (D. Nev. 2015) (allegations of future harm

23    from data breach too speculative to establish standing because "future harm is based entirely on

24    the decisions or capabilities of an independent, and unidentified, actor.") (citing *Clapper*, 133 S.

25    Ct. at 1150 (refusing to endorse standing that rests on speculation about the decisions of

26    independent actors)); *see also Willingham*, 2013 WL 440702, at *6, 17 (finding plaintiffs lacked

27    standing where alleged future risk of harm was "'dependent on entirely speculative, future actions

28    of an unknown third-party'" (citation omitted), and that plaintiffs were not entitled to injunctive

1  relief under consumer protection statute"); *see also Duttweiler v. Triumph Motorcycles (Am.)*

2  *Ltd.*, No. 14-CV-04809-HSG, 2015 WL 4941780, at *9 (N.D. Cal. Aug. 19, 2015) (plaintiffs'

3  speculative allegations of future harm "stretches standing for injunctive relief [under the UCL]

4  too far. (citing *Schmier v. U.S. Court of Appeals*, 279 F.3d 817, 821 (9th Cir. 2002)

5  ("hypothetical, speculative or other 'possible future' injuries do not count in the standing[ ]

6  calculus"); *Rahman*, 2014 WL 5282106, at *5 (plaintiff lacked standing to pursue injunctive relief

7  under the UCL where speculative allegations of future injury failed to show he would be harmed

8  again).  Plaintiffs accordingly lack standing for any injunction based merely on their

9  unsubstantiated fear of future identity theft or that the alleged misconduct will recur.

10      The Court should dismiss Plaintiffs' UCL claims because they have not pled entitlement

11  to any of the remedies available under the UCL.

12      **C.**    **Plaintiffs' Declaratory Judgment Claim Must Be Dismissed Because It Does Not Constitute a Separate Cause of Action.**

13

14      Plaintiffs cannot maintain their declaratory judgment claim based on their negligence and

15  UCL claims.  (*See* Compl. ¶ 70.)  There is no separate cause of action for declaratory

16  judgment.  *See, e.g.*, *Brazil v. Office of Pers. Mgmt.*, 35 F. Supp. 3d 1101, 1111 (N.D. Cal. 2014)

17  ("'such a claim [for declaratory judgment] is properly brought as part of plaintiffs' prayer for

18  relief, not as a separate cause of action.'") (quoting *Bridges v. Blue Cross & Blue Shield Ass'n*,

19  935 F. Supp. 37, 40 (D.D.C. 1996); *Harris Cty. Texas v. MERSCORP Inc.*, 791 F.3d 545, 552

20  (5th Cir. 2015) ("'[T]he law makes clear that—although the Declaratory Judgment Act provides a

21  remedy different from an injunction—it does not provide an additional cause of action with

22  respect to the underlying claim.'") (citation omitted).  Moreover, because Plaintiffs fail to state a

23  claim for any other causes of action, (*see* Section IV. A, B, *supra*), Plaintiffs' declaratory

24  judgment cause of action premised on these claims fails for this reason as well.

25      **D.**    **Plaintiffs Fail to State a Breach of Implied Contract Claim.**

26      Civil Code section 1621 defines an implied contract as a contract, "the existence and

27  terms of which are manifested by conduct."  Cal. Civ. Code § 1621.  To state a breach of implied

28  contract claim, a plaintiff must therefore plead all elements of a breach of contract claim: "(1) the

1  contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and

2  (4) the resulting damages to plaintiff." *Reichert v. General Ins. Co. of Am.*, 68 Cal. 2d 822, 830

3  (1968).

4      Here, Plaintiffs' breach of implied contract claim fails because Plaintiffs have not alleged

5  that Seagate entered into an implied contract requiring it to safeguard Employee Plaintiffs' PII or

6  that Seagate breached any implied covenant even if one existed.

7          **1.      Plaintiffs Fail to Allege the Existence of an Implied Contract.**

8      Plaintiffs fail to allege that Seagate and Employee Plaintiffs entered into an implied

9  contract that required Seagate to implement certain measures to protect their PII.  To demonstrate

10  the existence of an implied contract, Plaintiffs must allege "'the same elements necessary to

11  evidence an express contract: mutual assent or offer and acceptance, consideration, legal capacity

12  and lawful subject matter.'"  *Corona*, 2015 WL 3916744, at *6 (citing *Northstar Fin. Advisors

13  Inc. v. Schwab Invs.,* 779 F.3d 1036, 1050-51 (9th Cir. 2015)).  Indeed, to create an enforceable

14  contract, whether express or implied, *both* parties to the contract must agree to its terms in an

15  actual meeting of the minds.  *See Blaustein v. Burton*, 9 Cal. App. 3d 161, 179 (1970) ("'contract

16  implied in fact' requires a meeting of the minds, an agreement, just as much as an 'express

17  contract'") (citation omitted); *see also Cooper v. Lakewood Eng'g & Mfg. Co.*, 45 F.3d 243, 246

18  (8th Cir. 1995) ("Like other contracts [an implied contract] requires a 'meeting of the minds.'")

19  (citation omitted).  One party's unilateral understanding does not suffice.  *Id.*

20      Here, Plaintiffs cannot allege that there was mutual assent, offer and acceptance, or any

21  "meeting of the minds" regarding what measures would be taken with respect to Employee

22  Plaintiffs' PII.  While Plaintiffs conclusorily allege that "a material term of [their employment]

23  contract is a covenant by Seagate that it will take reasonable efforts to safeguard Employees'

24  PII," (Compl. ¶ 77), Plaintiffs do not specify the scope of this "contract term," such as what

25  efforts Seagate promised to undertake to protect employees' PII.  Plaintiffs' bare allegations do

26  not suffice.  *Cf. In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2016 WL

27  589760, at *15 (N.D. Cal. Feb. 14, 2016) (requiring plaintiffs to elaborate upon the nature and

28  scope of the implied contract to state such a claim).

2.      **Plaintiffs Fail to Allege that Seagate Breached any Implied Contract.**

To the extent that the Plaintiffs' general employment agreement included binding implied contract term to take "reasonable" efforts to protect PII (Compl. ¶ 78), Plaintiffs have failed to allege that Seagate breached any such term.[2]  While every contract imposes an implied obligation that "neither party will do anything to injure or destroy the right of the other party to receive the benefits of the agreement . . . California law makes clear that establishing breach of the implied covenant requires proof of a conscious and deliberate act, which unfairly frustrates the agreed common purpose of the agreement." *Corona*, 2015 WL 3916744, at *6 (internal citations omitted).  The court in *Corona* held that the plaintiffs failed to state a breach of implied contract claim where "there are no facts indicating that Sony's acts were intended to frustrate the agreed common purpose of the agreement, i.e., employment in exchange for compensation and benefits." *Id.*  Because the plaintiffs could not cure these defects through amendment, the Court dismissed the breach of implied contract claim with prejudice. *Id.*

Plaintiffs' implied contract claim here should be dismissed for the same reasons.  As in *Corona*, Plaintiffs fail to allege any facts suggesting that Seagate intended to frustrate the parties' employment agreement by failing to take "reasonable efforts" to safeguard Employees' PII.  An unforeseen disclosure of PII is unrelated to the core purpose of the employment agreement to provide employment.

In particular, four of the Employee Plaintiffs were not even employees at the time of the phishing attack against Seagate.  These former employees cannot claim that Seagate intended to frustrate the core purpose of their employment agreements when there was no such agreement to provide employment during the relevant time period. *Cf. Corona*, 2015 WL 3916744, at *6 (dismissing breach of implied contract claims where "the purported class includes members that were no longer employed by Sony at the time the data breach occurred.").  The breach of implied

---

[2] Plaintiffs cite to an email from Seagate's Chief Financial Officer, which they contend demonstrates that Seagate "conceded its fault in the Data Breach." (Compl. ¶ 23.)  But this email contains no admission that *Seagate*'s policies and procedures, which Plaintiffs challenge here, caused their alleged harm.  Seagate's apology is not an admission of guilt, but rather evidence of Seagate's immediate response to the attack on Seagate and its efforts to protect the affected individuals.

1  contract claims brought by Plaintiffs Castillo, Dattoma, Tran, and Wilk should be dismissed for

2  this additional reason.

3  **V.   CONCLUSION**

4      For the foregoing reasons, Seagate respectfully requests that this Court dismiss Plaintiffs'

5  entire Complaint.[3]

6

7  Dated: July 28, 2016              DAVID F. MCDOWELL
                           TIFFANY CHEUNG

8                             ALEXANDRA E. LAKS
                           MORRISON & FOERSTER LLP

9

10                      By:   */s/ Tiffany Cheung*

11                            TIFFANY CHEUNG

12                             Attorneys for Defendant
                           SEAGATE TECHNOLOGY LLC

13

14

15

16

17

18

19

20

21

22

---

23      [3] As described above, the claims of the purported "Third-Party" class are particularly deficient. Plaintiffs merely suggest that Seagate **might** have disclosed more than just W-2 data, without providing **any** facts to support this claim. The allegations with respect to third-parties

24  "are precisely the type of fact-barren, conclusory pleading that the Supreme Court has held is insufficient under Rule 8." *Athena Feminine Techs. Inc. v. Wilkes*, No. C 10-04868 SBA, 2011 WL 4079927, at \*9 (N.D. Cal. Sept. 13, 2011) (citing *Iqbal*, 556 U.S. at 677-78). At a minimum,

25  if the Court dismisses all claims asserted by the only Third-Party Plaintiff, Linda Castillo, the Court should likewise strike the proposed "Third Party" class. *Tietsworth v. Sears, Roebuck &*

26  *Co.*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010) (Under Federal Rule of Civil Procedure 12(f), "this Court has authority to strike class allegations prior to discovery if the complaint

27  demonstrates that a class action cannot be maintained.").

28