# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT CASTILLO, LINDA CASTILLO, NICHOLAS DATTOMA, FREDA LANG, WENDY TRAN, AND STEVEN WILK, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>     v.<br><br>SEAGATE TECHNOLOGY LLC,<br><br>               Defendants. | CASE NO. 3:16-cv-01958-RS<br><br>Judge:  Hon. Richard Seeborg<br>Action Filed: April 14, 2016 |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, as of the date of execution below (the "Agreement" or "Stipulation"), is made and entered into by and among the following settling parties ("Parties"):  (i) Everett Castillo, Linda Castillo, Wendy Tran, Nicholas Dattoma, Freda Lang, and Steven Wilk (collectively, "Plaintiffs" or  "Settlement Class Representatives"), individually and on behalf of the Settlement Class; and (ii) Seagate Technology LLC ("Seagate" or "Defendant"), and subject to preliminary and final Court approval as required by Rule 23 of the Federal Rules of Civil Procedure.  In consideration of the promises and covenants set forth in this Agreement and upon entry by the Court of a final approval order and judgment, all claims of the Settlement Class against Seagate in the Action shall be settled and compromised upon the terms and conditions contained herein.  This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all of Plaintiffs' Released Claims (defined below), upon and subject to the terms and conditions hereof.

1

## RECITALS

WHEREAS, Plaintiffs assert that, on or about March 1, 2016, Seagate[1] disclosed that it was the victim of a phishing attack resulting in the disclosure of 2015 Form W-2 data ("W-2 Data") concerning individuals who had worked for Seagate and certain corporate affiliates during the 2015 calendar year ("Employees") to an unauthorized third party (the "Data Incident");

WHEREAS, after the Data Incident, Plaintiffs allege that certain Employees were informed that unknown individuals had filed fraudulent tax returns in their names with the Internal Revenue Service, the California Franchise Tax Board and other state taxing authorities. Plaintiffs also allege that certain of those Employees learned that the fraudulent tax returns were filed jointly, on behalf of themselves and their spouses, and included their spouses' Social Security number;

WHEREAS, Seagate notified current Employees of the Data Incident on March 4, 2016, and notified former Employees of the Data Incident on March 9, 2016;

WHEREAS, Seagate informed Employees that Seagate would offer Employees, at no cost to the Employee, a two-year membership in Experian's ProtectMyID Alert identity theft protection program, including the "ExtendCare" (the "Original Experian Plan"). Employees could enroll in the Original Experian Plan through June 13, 2016;

WHEREAS, on April 14, 2016, Plaintiffs Everett Castillo, Linda Castillo, and Wendy Tran filed a Class Action Complaint (the "Castillo Action") against Seagate in the United States District Court for the Northern District of California, Case No. 3:16-cv-01958-MEJ. The Castillo Action asserted claims for negligence, violations of California's Unfair Competition Law (California Business & Professions Code §§ 17200, *et seq.*), and declaratory judgment;

WHEREAS, on April 21, 2016, Plaintiff Nicholas Dattoma filed a Class Action Complaint (the "Dattoma Action") against Seagate in the United States District Court for the Northern District of California, Case No. 5:16-cv-02136-NC. The Dattoma Action asserted claims for negligence, violations of California's

---

[1] Seagate, Seagate Technology U.S. Holdings, Inc., and its subsidiaries are referred to collectively herein as "Seagate" or "Defendant."

Unfair Competition Law (California Business & Professions Code §§ 17200, *et seq.*), and breach of implied contract;

WHEREAS, Seagate denies (a) the allegations and all liability with respect to any and all facts and claims alleged in the Action, (b) that Plaintiffs and the class they purport to represent have suffered any damage, (c) that the Action satisfies the requirements to be tried as a class action under the Federal Rules of Civil Procedure, and (d) that the Action states a claim for any relief;

WHEREAS, on April 22, 2016, the Castillo Action was assigned to the Honorable Richard Seeborg;

WHEREAS, on June 15, 2016, the Castillo Action and Dattoma Action were consolidated before this Court (the "Action");

WHEREAS, on June 28, 2016, Plaintiffs filed their Consolidated Class Action Complaint (the "Consolidated Complaint"), Case No. 3:16-cv-01958-RS, which added Freda Lang and Steven Wilk as Plaintiffs.  The Consolidated Complaint asserted claims against Seagate for negligence, violations of California's Unfair Competition Law (California Business & Professions Code §§ 17200, *et seq.*), declaratory judgment, and breach of implied contract;

WHEREAS, Seagate filed a motion to dismiss the Consolidated Complaint on July 28, 2016;

WHEREAS, on September 19, 2016, the Court issued its Order Granting in Part and Denying in Part Defendant's Motion to Dismiss;

WHEREAS, on October 18, 2016, Plaintiffs filed the operative First Amended Consolidated Complaint (the "Amended Consolidated Complaint");

WHEREAS, following the Court's Order on Seagate's Motion to Dismiss, the Parties agreed to attempt to mediate a resolution to the dispute;

WHEREAS, on November 1, 2016, the Parties requested and the Court ordered a stay of the Action so that the Parties could pursue mediation (ECF No. 60);

WHEREAS, on December 13, 2016, the Parties attended an in-person, full-day, arm's-length mediation negotiation supervised by the Honorable Carl J. West (Ret.) of JAMS;

WHEREAS, throughout their mediation session, the Parties engaged in an extensive evaluation and discussion of the relevant facts and law, and the Parties carefully considered the risk and uncertainties of continued litigation and all other factors bearing on the merits of settlement;

WHEREAS, Settlement Class Counsel have conducted sufficient discovery, have fully investigated the facts and law relevant to the subject matter of the Action, and have concluded, based upon their investigation, and taking into account the risks, uncertainties, burdens, and costs of further prosecution of the Action, and taking into account the substantial benefits to be received pursuant to this Agreement as set forth below, and for the purpose of putting to rest all controversies with the Defendant that were alleged in the operative Amended Consolidated Complaint, that a resolution and compromise on the terms set forth herein is fair, reasonable, adequate, and in the best interests of Plaintiffs and the Settlement Class;

WHEREAS, Seagate, despite its belief that it has valid and complete defenses to the claims asserted against it, has nevertheless agreed to enter into this Agreement to reduce and avoid further expense, burden, inconvenience, and uncertainty of continuing to litigate the Action, and without any admission of liability or wrongdoing whatsoever, desires to enter into this Agreement;

WHEREAS, the Parties now agree to settle the Action in its entirety, without any admission of liability by Seagate, with respect to all Released Claims (defined below) of the Settlement Class.  The Parties intend this Agreement to bind Plaintiffs, Seagate, and all members of the Settlement Class who do not timely and properly exclude themselves from the Settlement;

NOW THEREFORE, in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows:

## 1. DEFINITIONS

In addition to the terms defined at various points within this Agreement, the following Defined Terms apply throughout this Agreement:

1.1.   "Action" means the consolidated action *Castillo, et al., v. Seagate Technology LLC*, No. 3:16-cv-01958-RS, which includes the Castillo Action and the Dattoma Action.

1.2.   "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and administering and carrying out the terms of the Settlement.

1.3.   "Attorneys' Fees and Expense Award" means such funds as may be awarded by the Court to Class Counsel to compensate Class Counsel for their fees and expenses in connection with the Action.

1.4.   "Claim" means a written request by a Settlement Class Member, consistent with the provisions of this Agreement, seeking reimbursement of economic costs incurred in connection with the Data Incident.

1.5.   "Claimant" means a Settlement Class Member who submits a Claim.

1.6.   "Claims Period" means the period for submitting Claims ending on December 31, 2018.

1.7.   "Court" refers to the Honorable Richard Seeborg, United States District Court Judge, Northern District of California, or to any other such judge to whom the Action may hereafter be assigned.

1.8.   "Effective Date" means the second business date following the date on which the Judgment entered pursuant to this Settlement Agreement becomes Final.

1.9.   "Election Deadline" means June 30, 2018, the last day for Settlement Class Members to submit the Election Form to enroll in the Experian identity theft protection services offered under the Agreement.

1.10.  "Fee Application" means any application by Settlement Class Counsel for an award of attorneys' fees and reimbursements of expenses, as set forth in Paragraph 10.

1.11.  "Final" means, with respect to any judicial ruling or order, that: (1) if no appeal, motion for reargument, motion for rehearing, petition for *writ of certiorari*, or other writ has been filed, the time has expired to file such an appeal, motion for reargument, motion for rehearing, petition for writ of certiorari, or other writ; or (2) if an appeal, motion for reargument, motion for rehearing, petition for a writ of certiorari, or other writ has been filed, the judicial ruling or order has been affirmed with no further right of review, or such appeal, motion, petition, or writ has been denied or dismissed with no further right of review.  Any proceeding or

order, or any appeal or petition for a writ of certiorari pertaining solely to any application for attorneys' fees or expenses will not in any way delay or preclude the Judgment from becoming Final.

1.12.  "Final Approval Order" and "Judgment" means the order finally approving the terms of this Agreement and a separate judgment to be entered by the Court, pursuant to Federal Rule of Civil Procedure 58(a), dismissing the Action with prejudice.  In the event that the Court enters separate orders addressing the matters constituting final approval, then "Final Approval Order" includes all such orders.

1.13.  "Notice" means the notices of proposed class action settlement that the Parties will ask the Court to approve in connection with preliminary approval of the Settlement.

1.14.  "Notice Date" means the deadline to disseminate Notice to the Settlement Class (defined below).

1.15.  "Notice Program" means the methods for providing Notice of this Settlement to the Settlement Class Members, including (1) a Summary Notice sent by mail ("Postcard Notice") and electronic mail ("Email Notice") to each Settlement Class Member for whom Seagate can ascertain a mailing and/or email address from its records with reasonable effort (collectively "Summary Notice"), and (2) the posting of a Long-Form Notice on the Settlement Website ("Long-Form Notice").  The forms of Notice shall be substantially in the forms attached as Exhibits A-B to this Agreement and approved by the Court.  The Notice Program shall be effected in substantially the manner provided in Paragraph 8.

1.16.  "Objection Period" means the period during which a Settlement Class Member may file an objection to the Settlement or the Fee Application, which period shall expire 45 days following the Notice Date, subject to Court approval. The deadline for filing an objection to the Settlement or the Fee Application shall be set forth clearly in the Notice.

1.17.   "Opt-Out Period" means the period during which a Settlement Class Member may file a request to be excluded from the Settlement Class, which period shall expire 45 days following the Notice Date, subject to Court approval.  The deadline for filing a request for exclusion shall be set forth clearly in the Notice.

1.18.  "Preliminary Approval" means an order, providing for, among other things, preliminary approval of the Settlement;

1.19.   "Qualifying Adult Dependent" means a person who was listed as a dependent on a Settlement Class Member's 2015 federal income tax filings and was over the age of 21 at that time.

1.20.   "Qualifying Spouse" means a person who jointly filed his or her 2015 federal income taxes as a spouse, as defined by IRS requirements,[2] with a Settlement Employee Class Member.

1.21.   "Released Claims" means all claims to be released as specified in Paragraph 9.

1.22.   "Released Parties" means those persons or entities released as specified in Paragraph 9.

1.23.   "Releases" means all of the releases specified in Paragraph 9.

1.24.   "Releasing Parties" means Plaintiffs and all Settlement Class Members who do not timely and properly exclude themselves from the Settlement, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns.

1.25.   "Service Awards" means payments, subject to Court approval and not to exceed $2,500.00 each and $15,000.00 in the aggregate, to compensate the Settlement Class Representatives for their efforts in the Action on behalf of the Settlement Class.

1.26.   "Settlement" means the settlement of the Action, between and among the Plaintiffs, on behalf of themselves and the Settlement Class, and Seagate, as set forth and reflected in this Agreement.

1.27.   "Settlement Administrator" means, subject to approval by the Court, Dahl Administration, a nationally recognized and experienced class-action claims administrator.

1.28.   "Settlement Class" and "Settlement Class Members" means members of the Settlement Employee Class and the Settlement Third-Party Class.

1.29.   "Settlement Class Counsel" refers to David J. Stone, Bragar Eagel &

---

[2] *See e.g.*, https://www.irs.gov/publications/p17/ch02.html#en_US_2016_publink1000170736 (defining "spouse" for federal tax purposes).

Squire, P.C., Marc L. Godino and Mark S. Greenstone, Glancy Prongay & Murray LLP, Eric A. Grover, Keller Grover LLP, and Jeremiah Frei-Pearson, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP.

1.30. "Settlement Class Representative" or "Plaintiff" refers to any one or more of Everett Castillo, Linda Castillo, Wendy Tran, Nicholas Dattoma, Freda Lang, and Steven Wilk.

1.31. "Settlement Consideration" means that consideration set forth in Paragraph 5 below.

1.32. "Settlement Employee Class" means "All persons who are or were employees of Seagate or its affiliates (collectively "Seagate") and whose W-2 information was involved in the Data Incident."

1.33. "Settlement Third-Party Class" means "All individuals who were Qualifying Spouses or Qualifying Adult Dependents of a Settlement Employee Class Member."

1.34. "Settlement Website" means the website that the Settlement Administrator will establish, as provided for in Paragraph 7.2.4.

## 2.  DENIAL OF WRONGDOING AND LIABILITY

2.1.   Seagate denies the material factual allegations and legal claims asserted by the Plaintiffs in the Action, including any and all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Similarly, this Agreement provides for no admission of wrongdoing or liability by any of the Released Parties.  This Agreement is entered into solely to eliminate the uncertainties, burdens, and expenses of protracted litigation.

## 3.  THE BENEFITS OF THE SETTLEMENT

3.1.   Settlement Class Counsel believes that the proposed settlement set forth in this Settlement Agreement confers substantial benefits upon the Settlement Class.

3.2.   Settlement Class Counsel and Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Seagate through trial and appeal.

3.3.    Settlement Class Counsel also has taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, as well as the difficulties and delays inherent in such litigation.  Settlement Class Counsel is mindful of possible defenses related to the claims asserted in the Action and under FRCP Rule 23(b)(3).  Based on their evaluation of all of these factors, Plaintiffs and Settlement Class Counsel have determined that the Settlement is in the best interests of Plaintiffs and the Settlement Class.

## 4.  SETTLEMENT CLASS CERTIFICATION

4.1.    For purposes of settlement only, the Plaintiffs shall seek, and Seagate shall not oppose, certification of the Settlement Employee Class and the Settlement Third-Party Class, respectively, pursuant to Federal Rule of Civil Procedure 23(b)(3), defined as follows:

**Settlement Employee Class.**  All persons who are or were employees of Seagate or its affiliates (collectively, "Seagate") and whose W-2 information was involved in the Data Incident; and

**Settlement Third Party Class.**  All individuals who were Qualifying Spouses or Qualifying Adult Dependents of a Settlement Employee Class Member.

4.2.    For settlement purposes only, Plaintiffs shall also seek, and Seagate shall not oppose, appointment of Settlement Class Counsel, and appointment of Plaintiffs as Settlement Class Representatives to represent the Settlement Class.

4.3.    Seagate does not consent to certification of the Settlement Employee Class, the Settlement Third-Party Class, or the Settlement Class (or to the propriety of class treatment) for any purpose other than to effectuate the settlement of this Action.  Seagate's agreement to provisional certification does not constitute an admission of wrongdoing, fault, liability, or damage of any kind to Plaintiffs or any of the provisional Settlement Class Members.  Seagate reserves the right to contest any motion to certify a class for any purpose other than settlement of the Action.

4.4.    If this Settlement Agreement is terminated pursuant to its terms, disapproved by any court (including any appellate court), and/or not consummated for any reason, or the Effective Date for any reason does not occur, the order certifying the Settlement Class for purposes of effectuating the Settlement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon notice of the same to the Court, the Action shall

proceed as though the Settlement Class had never been certified pursuant to this Settlement Agreement and such findings had never been made, and the Action shall return to the procedural posture on October 31, 2016, in accordance with this paragraph.  Neither party nor counsel shall refer to or invoke the vacated findings and/or order relating to class settlement or Rule 23 of the Federal Rules of Civil Procedure if this Settlement Agreement is not consummated and the Action is later litigated and contested by Defendant under Rule 23 of the Federal Rules of Civil Procedure.

## 5.  SETTLEMENT CONSIDERATION

In consideration for the releases provided in this Settlement Agreement, Seagate will provide the following relief to the Settlement Class:

### 5.1.  Identity Theft Protection Services.

5.1.1    **Extended Identity Theft Protection.**  Any Settlement Employee Class Member who does not submit a timely request for exclusion from the Settlement Class and who previously accepted the Original Experian Plan shall have the option to extend his or her Original Experian Plan for a two-year period, at Seagate's cost, on or before the Election Deadline.  If a Settlement Employee Class Member elects to extend his or her identity theft protection coverage prior to the expiration of his or her Original Experian Plan, the plan will be automatically extended for a two-year period.  If a Settlement Employee Class Member elects to extend his or her identity theft protection coverage after the expiration of his or her Original Experian Plan, he or she must re-activate the ProtectMyID plan in accordance with the instructions provided.  Settlement Employee Class Members shall make their Extended Identity Theft Protection election pursuant to the Election Form, which is attached hereto as Exhibit C.

5.1.2    **Identity Theft Protection for Settlement Employee Class Members Who Did Not Enroll in the Original Experian Plan.**  Any Settlement Employee Class Member who does not submit a timely request for exclusion from the Settlement Class and who did not enroll in the Original Experian Plan shall have the option to obtain coverage under Experian's ProtectMyID credit monitoring plan[3] for a two-year period, by requesting to enroll in such plan on or

---

[3] The Experian ProtectMyID plan includes: (i) daily bureau credit monitoring; (ii) identity theft resolution and ExtendCARE™, which provides fraud resolution support after expiration of the ProtectMyID membership; and (iii)

before the Election Deadline, and, if eligible, by activating the plan in accordance with the instructions provided.  Settlement Employee Class Members shall make their Identity Theft Protection election pursuant to the Election Form, attached hereto as Exhibit C.

      5.1.3    **Identity Theft Protection for Settlement Third-Party Class Members.**  Any Settlement Third-Party Class Member who does not submit a timely request for exclusion from the Settlement Class shall have the option to obtain coverage under Experian's ProtectMyID credit monitoring plan for a two-year period, by requesting to enroll in such plan on or before the Election Deadline, and, if eligible, by activating the plan in accordance with the instructions provided.  Settlement Third-Party Class Members shall make their Identity Theft Protection election pursuant to the Election Form, attached hereto as Exhibit C, and provide documentation sufficient to establish that he or she is Qualifying Spouse or Qualifying Adult Dependent.

      5.1.4    **Timing of Provision of Identity Theft Protection Services.**  The Settlement Administrator shall collect and process all Election Forms and shall submit the necessary information to Experian.  The Settlement Administrator shall distribute activation codes for Identity Theft Protection Services as follows:

    (a) For Settlement Class Members who have submitted valid and approved Election Forms by the Effective Date, the Settlement Administrator will, within 45 days after the Effective Date, issue activation codes or arrange for extended coverage for the appropriate identity theft protection program to such Settlement Class Members.

    (b) The Settlement Administrator will make another distribution of activation codes after the Election Deadline.  Within 21 days after the Election Deadline, the Settlement Administrator shall send a written notice to Settlement Class Members whose Election Forms were rejected as incomplete.  Settlement Class Members shall have 21 days from the date of the Settlement Administrator's notice to correct all deficiencies in their Election Forms.  If a Settlement Class Member fails to correct all deficiencies within that time, the Settlement Administrator shall deny the Settlement Class

---

$1 million in identity theft insurance, which covers certain costs, including lost wages and unauthorized electronic fund transfers.

Member's request for Identity Theft Protection Services. For Settlement Class Members who have submitted valid and approved Election Forms after the Effective Date, the Settlement Administrator will, within 90 days after the Election Deadline, issue activation codes or arrange for extended coverage for the appropriate identity theft protection service to such Settlement Class Members.

5.1.5    No Settlement Class Member may be covered by more than one Seagate-provided Experian plan.

5.2.    **Reimbursement of Documented Economic Costs.**  Any Settlement Class Member may submit one or more Claims for reimbursement for documented economic costs related to the Data Incident that have not been reimbursed by Experian or other third party, up to an aggregate total of $3,500.00 per Settlement Class Member, provided, however, that no Settlement Class member may submit a Reimbursement Form unless said Settlement Class Member has first submitted a Reimbursement Claim to Experian, Experian has denied the claim, and said Settlement Class Member has exhausted Experian's claims process. Reimbursement Claims must be submitted pursuant to the Reimbursement Form attached hereto as Exhibit D and in accordance with Paragraphs 5.2.1 and 5.2.2. All Reimbursement Claims must be submitted to the Settlement Administrator on or before December 31, 2018 ("Reimbursement Deadline").

5.2.1    Settlement Class Members who wish to make a Claim for reimbursement of economic costs related to the Data Incident must provide to the Settlement Administrator the information required to evaluate the claim, including: (a) the Claimant's name and current address, and if a Settlement Third-Party Class Member, documentation sufficient to establish that he or she is a Qualifying Spouse or Qualifying Adult Dependent; (b) if applicable, a signed copy of IRS Form 14039 along with a statement under penalty of perjury that the form was submitted to the Internal Revenue Service; (c) the bills or invoices documenting the amount of the Claim and proof that the bills or invoices were paid; (d) documentation showing that the claim was submitted and denied by Experian; and (e) a statement signed under penalty of perjury indicating that: (i) the economic costs claimed is related to the Data Incident; and (ii) the total amount claimed has not been reimbursed by any other third party. Third-party documentation of economic costs is required to establish a Claim.

5.2.2    **Adjudication of Reimbursement Claims.** The Settlement

Administrator shall determine whether a Claimant's supporting materials are sufficient to support a Claim and the amount of such a Claim and shall use reasonable procedures to screen claims for abuse, fraud, duplication, or ineligibility. Within 21 days after the Reimbursement Deadline, the Settlement Administrator shall send a written notice to Settlement Class Members whose Reimbursement Forms were rejected as incomplete. Settlement Class Members shall have 21 days from the date of the Settlement Administrator's notice to correct all deficiencies in their Reimbursement Forms. If a Settlement Class Member fails to correct all deficiencies within that time, the Settlement Administrator shall deny the Settlement Class Member's Claim.

5.2.3    If a Settlement Class Member was provided notice of his or her entitlement to enroll in an Experian plan, but was not enrolled in such service at the time of the loss for which she or he seeks reimbursement arose, and the loss would have been covered under the identity theft insurance coverage provided through an Experian plan had the Settlement Class Member been enrolled, then the loss may not be claimed for reimbursement hereunder.

5.2.4    No decisions by the Settlement Administrator shall be deemed to constitute a finding, admission, or waiver by Seagate as to any matter of fact, law, or evidence having any collateral effect on any Claim hereunder or in any other proceeding or before any other forum or authority. Further, such decisions shall not be submitted to or admissible in any other proceeding or before any other forum or authority.

5.2.5    **Payment on Claims.** The Settlement Administrator shall establish an account for payment of Claims (the "Settlement Administration Account"). Once the Settlement Administrator has made final determinations on all Claims submitted during the Claims Period, the Settlement Administrator shall provide notice to the Parties (the "Claims Determination Notice"), including a final accounting of all Claims to be paid and instructions to Seagate to fund the Settlement Administration Account. The Settlement Administrator shall issue the Claims Determination Notice within 90 days after the Reimbursement Deadline. Seagate shall then cause funds to be deposited into the Settlement Administration Account for the payment of Claims within 45 days of receiving the Claims Determination Notice. Upon Seagate's funding of the Settlement Administration Account, the Settlement Administrator shall promptly make payment to Claimants.

5.3.    **Payment of Costs Associated with Settlement.** In consideration for this settlement, Seagate agrees to pay the costs of notice and settlement

administration.

5.4.    **Non-Monetary Relief.**  Seagate agrees to implement and maintain the following data security practices:

5.4.1    An information security program containing policies, procedures, and technical controls as well as training and education for employees who handle personally identifiable information ("PII");

5.4.2    Controls regarding employee requests for W-2 Forms;

5.4.3    Additional training regarding the storage of W-2 forms and other company records containing PII; and

5.4.4    Simulated phishing exercises designed to educate and train employees in various functions across Seagate where PII might be used.

## 6. SUBMISSION OF THE SETTLEMENT TO THE COURT FOR REVIEW AND PRELIMINARY AND FINAL APPROVAL

6.1.    **Preliminary Approval.**  As soon as practicable, but no later than fourteen (14) days following the full execution of this Agreement by all Parties, Settlement Class Counsel shall promptly move the Court for entry of a Preliminary Approval Order.  A proposed Preliminary Approval Order shall be attached to the motion and shall be substantially in the form set forth in Exhibit E.  The Motion for Preliminary Approval shall request that the Court, among other things:

6.1.1    Approve the terms of the Settlement as within the range of fair, adequate, and reasonable;

6.1.2    Provisionally certify the Settlement Employee Class and the Settlement Third-Party Class pursuant to Federal Rule of Civil Procedure 23(b)(3), appoint Plaintiffs as the Settlement Class Representatives of the Settlement Class and appoint Settlement Class Counsel as counsel for the Settlement Class;

6.1.3    Approve the Notice Program set forth in Paragraph 8 and provide that within 35 days of the Preliminary Approval Order Seagate shall, at its own expense, cause the Notice to be provided in accordance with the procedures set forth in Paragraph 8.1;

6.1.4    Approve the procedures set forth in Paragraph 8.3 and Paragraph 8.9 for Settlement Class Members to exclude themselves from the

Settlement Class or to object to the Settlement or Fee Application;

6.1.5    Find that the Court will retain jurisdiction over all claims relating to this Agreement;

6.1.6    Maintain the stay of the Action pending Final Approval of the Settlement;

6.1.7    Stay and/or enjoin, pending Final Approval of the Settlement, any actions brought by Settlement Class Members concerning Released Claims;

6.1.8    Schedule the Final Approval Hearing at a time and date mutually convenient for the Court, Settlement Class Counsel, and counsel for Seagate, at which time the Court will conduct an inquiry into the fairness of the Settlement, whether it was made in good faith and should be finally approved, and whether to approve Settlement Class Counsel's application for attorneys' fees, costs, and expenses, and for Service Awards ("Final Approval Hearing" or "Fairness Hearing");

6.1.9    Provide that all Settlement Class Members will be bound by the Final Approval Order and Judgment dismissing the Action with prejudice;

6.1.10   Establish dates by which the Parties shall file and serve all papers in support of the application for final approval of the Settlement and Settlement Class Counsel's Fee Application; and

6.1.11   Within 10 days of the filing of the motion for preliminary approval, Seagate shall, at its own cost, serve or cause to be served a notice of the proposed Settlement in accordance with the requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

6.2.    **Final Approval.**  The Final Approval Hearing shall be scheduled no earlier than 90 days after the CAFA notices are mailed to ensure compliance with 28 U.S.C. § 1715.  By no later than 21 days prior to the Objection deadline, Plaintiffs shall file and post to the Settlement Website any application for attorneys' fees, costs, and expenses and for the Service Awards.  By no later than 21 days prior to the Final Approval Hearing, the Parties shall file any responses to any objections and any briefs in support of final approval of the Settlement and/or Settlement Class Counsel's application for attorneys' fees, costs, and expenses and Service Awards.  In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel)

who object to the Settlement or to the fees, costs, expenses, or Service Award application, provided the objectors filed timely objections that met all of the requirements listed in Paragraph 8.10.

6.2.1     At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order granting final approval of the Settlement and whether to approve Settlement Class Counsel's request for attorneys' fees, costs, expenses, and the Service Awards. The proposed Final Approval Order that will be filed with the motion for final approval shall be in a form agreed upon by Class Counsel and Seagate. Such proposed Final Approval Order shall, among other things;

(a) Determine that the Settlement is fair, adequate, and reasonable and approve the Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(b) Finally certify the Settlement Class for settlement purposes only;

(c) Determine that the Notice provided satisfied Due Process requirements;

(d) Dismiss the Action with prejudice;

(e) Bar and enjoin the Releasing Parties from asserting any of the Released Claims, as set forth in Paragraph 9, including during the pendency of any appeal from the Final Approval Order;

(f) Release Seagate and the Released Parties from the Released Claims, as set forth in Paragraph 9; and

(g) Reserve the Court's continuing and exclusive jurisdiction over Seagate and all Settlement Class Members (including all objectors) to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## 7. SETTLEMENT ADMINISTRATOR

7.1.   The Settlement Administrator shall administer various aspects of the Settlement as described in this Agreement and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, providing the Notice to Settlement Class Members as described in Paragraph 8; establishing and operating the Settlement Website and toll-free

number; and administering the provision of identity theft protection services and the Claims process as described in Paragraphs 5.1 and 5.2.

7.2.    The duties of the Settlement Administrator, in addition to other responsibilities that are described in this Agreement, include the following:

7.2.1    Obtaining from Seagate the name, email address, or mailing or other address information for Settlement Class Members (to the extent it is reasonably available) and verifying and updating the mailing addresses received, through the National Change of Address database or other similar data source, for the purpose of sending the Summary Notice to Settlement Class Members;

7.2.2    Establishing and maintaining a post office box for mailed written notifications of exclusion from the Settlement Class;

7.2.3    Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries;

7.2.4    Establishing and maintaining a Settlement Website as an additional means for Settlement Class Members to obtain notice of and information about the Settlement through and including hyperlinked access to this Agreement; the Notice; the order preliminarily approving the Settlement; the Final Approval Order; Election forms; Claim forms; and such other documents as Class Counsel and Seagate agree to post or that the Court orders posted.  These documents shall remain on the Settlement Website at least until expiration of the Election Deadline and the Reimbursement Deadline.  The URL of the Settlement Website will be agreed upon in writing by Seagate and Class Counsel.  The Settlement Website shall not include any advertising and shall not bear or include the Seagate logo or Seagate trademarks.

7.2.5    Responding to any mailed Settlement Class Member inquiries;

7.2.6    Processing all written notifications of exclusion from the Settlement Class;

7.2.7    Providing reports and, no later than 10 days after the Opt-Out Deadline, a final report to Class Counsel and Seagate, that summarize the total number of written notifications of exclusion received;

7.2.8    Providing reports to Settlement Class Counsel and Seagate that set forth the number of Election Forms received since the prior reporting period, and the total number of Election Forms received to date;

7.2.9    Providing reports to Class Counsel and Seagate that set forth the number and amount of Claim forms received since the prior reporting period, the total number and amount of Claim forms received to date, and Claim forms permitted and the number rejected;

7.2.10    In advance of the Final Approval Hearing, preparing a declaration to submit to the Court that: (i) attests to implementation of the Notice Program in accordance with the Preliminary Approval Order; (ii) identifies each Settlement Class Member who timely and properly provided written notification of exclusion from the Settlement Class; and (iii) provides information on the number of Employee Class Members who requested Identity Theft Protection, and the total number of Settlement Class Members who submitted Reimbursement Claims;

7.2.11    Receiving and processing all Election Forms submitted by Employee Class members pursuant to the criteria set forth in Paragraph 5.1.1, as well as distributing activation codes to Settlement Class Members for identity theft protection based on Election Forms pursuant to the criteria set forth in Paragraphs 5.1.2-5.1.3;

7.2.12    Reviewing, determining the validity of, and responding to Claim forms submitted by Settlement Class Members pursuant to the criteria set forth in Paragraph 5.2;

7.2.13    After the close of the Claims Period, processing and transmitting distributions to Settlement Class Members in accordance with Paragraph 5.2.5;

7.2.14    Performing any other function related to Settlement administration at the agreed-upon instruction of both Settlement Class Counsel and Seagate.

7.3.    The Settlement Administrator's determination regarding Settlement Class Members' eligibility for identity theft protection services and/or reimbursement for Claims related to the Data Incident is final.

7.4.    The Parties, the Released Parties, and their respective counsel shall have no responsibility or liability whatsoever for the Settlement Administrator's

conduct, omissions, or actions.

7.5.   Seagate shall be solely responsible for paying the Settlement Administrator for its settlement administration services related to the Settlement.

## 8.   NOTICE, OPT OUTS, AND OBJECTIONS

8.1.   Within 35 days of the date of the Preliminary Approval Order, the Settlement Administrator shall distribute the Summary Notice, activate the Settlement Website and otherwise implement the Notice Program provided herein, using the forms of Notice substantially in the form attached as Exhibits A-B, as approved by the Court in the Preliminary Approval Order.   The Notice shall include, among other information: (i) a description of the material terms of the Settlement; (ii) a date by which Settlement Class Members may exclude themselves from or "opt out" of the Settlement Class; (iii) a date by which Settlement Class Members may object to the Settlement; (iv) the date upon which the Final Approval Hearing is scheduled to occur; (v) a description of the Settlement Consideration; (vi) a description of the process for submitting Election Forms; (vii) a description of the process for submitting Claims; (vii) the Election Deadline; (ix) the Reimbursement Deadline; and (x) the Internet address of the Settlement Website at which Settlement Class Members may access this Agreement and other related documents and information.   Class Counsel and Seagate shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order.   Notices provided under or as part of the Notice Program shall not bear or include the Seagate logo or trademarks or the return address of Seagate, or otherwise be styled to appear to originate from Seagate.

8.2.   The Notice shall include information about the benefits of the Settlement and the following information:

8.2.1   Election Forms are available at the Settlement Website, providing the URL for the applicable webpage and, in the Email Notice, a hyperlink to said page; and

8.2.2   June 30, 2018 is the deadline for electing to receive Experian identity theft protection services.

8.2.3   Claim forms are available on the Settlement Website, providing the URL for the applicable webpage and, in the Email Notice, a hyperlink to the page.

8.2.4     December 31, 2018 deadline for submitting Claims.

8.3.    The Notice shall include the procedure for Settlement Class Members to exclude themselves from the Settlement Class by providing written notice to the Settlement Administrator in conformance with Paragraph 8.9.   Such written notification must be postmarked no later than the Opt-Out Deadline, as specified in the Notice.  The Settlement Administrator shall provide the Parties with copies of all completed opt-out notifications, and a final list of all Settlement Class Members who have timely and validly excluded themselves from the Settlement Class.  Any Settlement Class Member who does not timely and validly exclude himself or herself shall be bound by the terms of this Agreement.

8.4.    The Notice shall include the procedure for Settlement Class Members to object to the Settlement and/or the Fee Application.   Objections to the Settlement and/or Fee Application must (a) clearly identify the case name and number, (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California in San Francisco, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be timely filed or postmarked.

8.4.1     For an objection to be considered by the Court, the objection must also conform to the specifications set forth in Paragraph 8.10:

8.5.    Notice shall be provided to the Settlement Class by mailing and emailing the Summary Notice and posting the Long-Form Notice on the Settlement Website, pursuant to the terms of Paragraph 8.   Notice shall be provided substantially in the forms attached as Exhibits A-B to this Agreement.

8.6.    Seagate shall, within 15 days of the Preliminary Approval Order, provide the Settlement Administrator with data files containing the identity, last known mailing, email, or other addresses of the Settlement Employee Class Members (to the extent reasonably available). The Settlement Administrator shall run the addresses through the National Change of Address Database or other similar data source, and shall send the Summary Notice to Settlement Class Members at the identified US mail and email addresses.

8.7.    The Settlement Administrator shall perform reasonable address traces for all Summary Notices sent by US mail that are returned as undeliverable.  The Settlement Administrator shall promptly complete the re-mailing of Summary Notices by US mail to those Settlement Employee Class Members for whom an updated address can be located through address traces.

8.8.    By no later than 35 days after the date of the Preliminary Approval Order, the Settlement Administrator shall establish a dedicated post office box address and the toll-free telephone number contemplated in Paragraphs 7.2.2-7.2.3.

### 8.9.    Opt-Out Procedures

8.9.1    Each Settlement Class Member desiring to exclude himself from the Settlement and Settlement Class shall timely submit, by U.S. Mail, written notice of such intent to the designated Post Office box established for said purpose as set forth in the Notice.  The written notice must clearly manifest the intent to be excluded from the Settlement Class and must be signed by the Settlement Class Member.  A request for exclusion may not request exclusion of more than one member of the Settlement Class.  Mass opt-outs are not permitted. To be effective, the written notice must be postmarked by the last date of the Opt-Out Period.

8.9.2    All Persons who submit valid and timely notices of their intent to be excluded from the Settlement shall not receive any benefits of the Settlement, including, but not limited to the identity theft protection services at Seagate's cost or reimbursement for any economic costs related to the Data Incident (as described in Paragraph 5), nor be bound by the terms of this Agreement.  Settlement Class Members who do not request to be excluded from the Settlement in the manner set forth in Paragraph 8.9.1 above, except as otherwise ordered by the Court, shall be bound by the terms of this Agreement and Judgment entered thereon.

8.9.3    Any Settlement Class Member who opts out of the Settlement shall not have standing to object to the Settlement.

### 8.10.  Objection Procedures

8.10.1    Any Settlement Class Member who does not elect to opt-out of the Settlement and who desires to object to the Settlement or the Fee Application shall file and serve such objections on or before the expiration of the Objection Period, in the form provided in the Notice.  Such objections must set forth:

•      the name of the Action;

•      the objector's full name, address, telephone number, and e-mail address;

21

• a statement of the basis on which the objector claims to be a Settlement Class Member;

• a written statement of all grounds for the objection, accompanied by any legal support for the objection, and any evidence the objecting Settlement Class Member wishes to introduce in support of the objection;

• the identity of all counsel, if any, representing the objector, including any former or current counsel who may claim entitlement to compensation for any reason related to the objection to the Settlement or the Fee Application;

• a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing and the identification of any counsel representing the objector who intends to appear at the Final Approval Hearing;

• a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; and

• the objector's signature signed under oath and penalty of perjury or, if legally incapacitated, the signature of their duly authorized representative (along with documentation setting forth such legal incapacitation and representation) (an attorney's signature is not sufficient).

8.10.2    Except as otherwise ordered by the Court, any Settlement Class Member who fails to comply with the provisions of Paragraph 8.10.1 shall waive and forfeit any and all rights the Settlement Class Member may have to appear separately and/or to object to the Settlement or Fee Application, and shall be bound by all the terms of the Agreement and by all proceedings, orders, and judgments in the Action.

## 9. RELEASES AND DISMISSAL OF ACTION

9.1.    As of the Effective Date, the Releasing Parties, each on behalf of himself or herself and on behalf of his or her respective heirs, assigns, beneficiaries, and successors, shall automatically be deemed to have fully and irrevocably released and forever discharged Seagate and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers,

and the predecessors, successors, and assigns of each of them (collectively, the "Released Parties"), of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the Data Incident, and conduct that was alleged or could have been alleged in the Action, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of (1) the disclosure of Settlement Class Members personal information; (2) Seagate's maintenance of Settlement Class Members' personal information; (3) Seagate's information security policies or practices; (4) Seagate's provision of notice to Settlement Class Members following the Data Incident; and (5) any event, matter, dispute or thing that in whole or in part, directly or indirectly, relates to or arises out of (1) through (4) above (the "Released Claims"), provided that nothing in this Release is intended to, does or shall be deemed to release any claims not arising out of, based upon, resulting from, or related to the Data Incident.

9.1.1    For the avoidance of doubt, the Released Claims include any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States (including, without limitation, any causes of action under any data breach notification statutes in effect in the United States or in any states in the United States; causes of action under the common or civil laws of any state in the United States, including but not limited to unjust enrichment, negligence, bailment, conversion, negligence per se, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of the United States or of any states in the United States; and also including, but not limited to, any and all claims in any state or federal court of the United States, for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, identity theft insurance, statutory penalties, restitution, the appointment of a receiver, and any other form of relief). The Released Claims do not include any claims by the Parties hereto to enforce the terms of the Settlement or Settlement Agreement.

9.2.    Upon the Effective Date, and to the fullest extent permitted by law, each Releasing Party, including Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than the participation in the Settlement as provided herein) in which any of the Released Claims is asserted.

9.3.    As of the Effective Date, Seagate and all Released Parties agree to fully, completely, finally, and forever release, relinquish, and discharge Plaintiffs and Class Counsel from all claims, known or unknown, arising out of or relating to the institution, prosecution, settlement, or resolution of the Action (provided, however, that this release, relinquishment, and discharge shall not include claims by the Parties hereto to enforce the terms of the Settlement or Settlement Agreement).

9.4.    Plaintiffs and/or any Releasing Party may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of Paragraphs 9.1-9.3, or the law applicable to such claims may change. Nonetheless, each of those individuals expressly agrees that, as of the Effective Date, he/she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or noncontingent claims with respect to all of the matters described in or subsumed by this Paragraph and Paragraphs 9.1-9.3.

9.5.    **Unknown Claims.** With respect to the Released Claims, Plaintiffs and each Settlement Class Member waive and release any and all provisions, rights, and benefits conferred either (a) by Section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.  Section 1542 of the California Civil Code reads:

> General release; extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

9.6.    In addition to any other defenses Seagate may have at law, in equity,

or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

## 10. ATTORNEYS' FEES, COSTS, AND EXPENSES, AND SERVICE AWARDS

10.1. Class Counsel may file a Fee Application seeking an award of attorneys' fees of no more than $746,250.00 (seven hundred forty-six thousand and two hundred fifty dollars) and reimbursement of reasonable expenses incurred in connection with the Action of no more than $25,000.00, and requesting payment of Service Awards to each Plaintiff of no more than $2,500.00 each, all of which shall, if approved by the Court, be paid by Seagate wholly separate and apart from and without any affect upon or reduction of the Settlement Consideration. Neither Class Counsel's application for, nor any individual's entitlement to, a Service Award shall be conditioned in any way upon such individual's support for this Agreement.

10.2. Seagate will take no position with regard to any motion by Class Counsel for an award of attorneys' fees of up to $746,250.00, plus actual out-of-pocket costs not to exceed $25,000.00, and Service Awards of up to $2,500.00 per Plaintiff. Seagate agrees that it has no right to appeal the amount of any award of attorneys' fees, costs or Service Awards so long as the amounts awarded do not exceed $746,250.00 in attorneys' fees, Class Counsel's actual out-of-pocket costs not to exceed $25,000.00, and an aggregate of $15,000 in Service Awards. Seagate reserves the right to object to a fee request that exceeds the terms outlined in this paragraph.

10.3. Class Counsel must file the Fee Application, if at all, at least 21 days prior to the Objection Deadline.

10.4. Within 10 business days after the Effective Date, Seagate shall pay or cause to be paid to Class Counsel the Fee and Expense Award and the Service Awards, if any are approved by the Court, if Seagate receives written wire instructions and IRS Form W-9s from Class Counsel and each Plaintiff at least 30 days before the payment deadline.

10.5. **No Additional Amounts Due.** Seagate shall not be liable for any additional attorneys' fees and expenses of Settlement Class Counsel or the Settlement Class Representatives in the Action.

## 11. TERMINATION OF SETTLEMENT

11.1.  This Settlement may be terminated by either Plaintiffs or Seagate by serving on counsel for the opposing Party and filing with the Court a written notice of termination within 14 days (or such longer time as may be agreed between Class Counsel and Seagate) after any of the following occurrences:

11.1.1   Settlement Class Counsel and Seagate agree to termination before the Effective Date;

11.1.2   The Court refuses to grant Preliminary Approval of this Agreement in any material respect;

11.1.3   The Court refuses to grant final approval of this Agreement in any material respect;

11.1.4   The Court of Appeals or Supreme Court modifies the Final Judgment or reverses it in any material respect;

11.1.5   The Effective Date does not occur.

11.2.  Seagate shall also have the right to terminate the Settlement by serving on Class Counsel and filing with the Court a notice of termination within 14 days of its receipt from the Settlement Administrator of the final report specified in Paragraph 7.2.7, if more than 207 Settlement Employee Class Members submit valid written notifications to exclude themselves from the Settlement Class.

## 12. CONDITIONS OF SETTLEMENT

12.1.  This Settlement Agreement is expressly conditioned on and subject to each of the following conditions and, except as provided in Paragraph 11, shall be null and void and of no force and effect, cancelled and terminated unless:

12.1.1   The Court enters a Final Approval Order and Judgment; and

12.1.2   The Final Approval Order and Judgment becomes Final.

## 13. EFFECT OF A TERMINATION

13.1.  The grounds upon which this Agreement may be terminated is set forth in Paragraph 11.  In the event of a termination as provided therein, this

Agreement shall be considered null and void; all of Seagate's obligations under the Agreement shall cease to be of any force and effect, the amounts in the Settlement Administration Account, if any, shall be returned to Seagate; and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Agreement. Either party may, at any time after the termination of this Agreement, move the Court to lift the stay of proceedings. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved, including, but not limited to, Plaintiffs' right to seek class certification and Seagate's right to oppose class certification.

13.1.1    In the event of a termination as provided in Paragraph 11, the Settlement Administrator shall return the balance, if any, of the Settlement Administration Account to Seagate within seven days of receiving notice of the termination.

13.1.2    In the event the Settlement is terminated in accordance with the provisions of Paragraph 11, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

13.1.3    The Settlement shall become effective on the Effective Date unless earlier terminated in accordance with the provisions of Paragraph 11.

## 14. CONTACT WITH SETTLEMENT CLASS MEMBERS

14.1. Settlement Class Counsel recognizes that the Settlement Class includes current and former Seagate employees and Settlement Class Counsel consents to Seagate communicating with any Settlement Class Member, including in connection with the subject matter of this Settlement Agreement.

## 15. DISMISSAL OF THE ACTION

15.1. Plaintiffs, on behalf of themselves and the Settlement Class Members, consent to the dismissal of this Action with prejudice.

## 16. MISCELLANEOUS PROVISIONS

16.1. **Entire Agreement.** This Stipulation and the Exhibits constitute the entire agreement among the Parties and supersede any prior agreements among the

Parties with respect to the subject matter hereof.  All of the Exhibits referred to herein shall be incorporated by reference as though fully set forth herein. No representations, warranties, or inducements have been made to or relied upon by any Party concerning this Stipulation or its Exhibits, other than the representations, warranties, and covenants expressly set forth in such documents.

16.2.  **Singular and Plurals.** As used in this Agreement, all references to the plural shall also mean the singular and to the singular shall also mean the plural whenever the context so indicates.

16.3.  **Binding Effect.** This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

16.4.  **Jurisdiction.** The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

16.5.  **Amendment.**  This Stipulation may be amended, modified, or waived only by a written instrument signed by counsel for all Parties hereto or their successors in interest or their duly authorized representatives.

16.6.  **Obligation To Meet And Confer.** Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted.

16.7.  **Deadlines.**  If any deadline set forth in this Stipulation or the Exhibits thereto falls on a Saturday, Sunday, or legal holiday, that deadline will be continued to the next business day.

16.8.  **No Conflict Intended.** Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

16.9.  **Confidentiality.**  To the extent permitted by law and any applicable Court rules, all agreements made and orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation and the Effective Date.

16.10.  **Destruction of Confidential Information.**

16.10.1   Within 3 days after Claims payments are funded, Settlement Class Counsel shall return or destroy all confidential, non-public information obtained in connection with the Action and Agreement, and certify the same.

16.10.2   Within a year of the end of the Claims Period, the Settlement Administrator shall destroy the Class List and all information obtained or compiled from the Action or the settlement, and provide written verification to Defendant's Counsel.

16.11. **Waiver.**  The waiver by any Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of that or any other prior or subsequent breach of any provision of this Stipulation by any other Party.

16.12. **Notices.**  Notices in relation to this Agreement shall be provided as follows:

16.12.1   All notices to Settlement Class Counsel provided for herein, shall be sent by email and overnight mail to:

KELLER GROVER LLP
Eric A. Grover
1965 Market Street
San Francisco, CA 94103
eagrover@kellergrover.com

FINKELSTEIN, BLANKINSHIP,
FREIPEARSON & GARBER, LLP
Jeremiah Frei-Pearson (Pro Hac Vice)
445 Hamilton Avenue, Suite 605
White Plains, NY 10601
jfrei-pearson@fbfglaw.com

GLANCY PRONGAY & MURRAY LLP
Lionel Z. Glancy

Marc L. Godino
Mark S. Greenstone
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
info@glancylaw.com

BRAGAR EAGEL & SQUIRE, P.C.
David J. Stone (Pro Hac Vice)
Jeffrey H. Squire (Pro Hac Vice)
Lawrence P. Eagel (Pro Hac Vice)
885 Third Avenue, Suite 3040
New York, NY 10022
stone@bespc.com
squire@bespc.com
eagel@bespc.com

16.12.2   All notices to Seagate, provided for herein, shall be sent by overnight mail and email to:

MORRISON & FOERSTER LLP
Tiffany Cheung
Alexandra E. Laks
425 Market Street
San Francisco, California 94105-2482
TCheung@mofo.com
ALaks@mofo.com

MORRISON & FOERSTER LLP
David F. McDowell
707 Wilshire Boulevard
Los Angeles, California 90017-3543
DMcDowell@mofo.com

16.12.3   The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

## 17. REPRESENTATIONS AND WARRANTIES

17.1. **No Additional Persons with Financial Interest.**  Seagate shall not be liable for any additional attorneys' fees and expenses of any Settlement Class Members' counsel, including any potential objectors or counsel representing a Settlement Class Member individually, other than what is expressly provided for in this Agreement.  Settlement Class Counsel agree to hold Seagate harmless from any claim that the term "Settlement Class Counsel" (as defined in section 1.15 of this Agreement) fails to include any counsel, person, or firm who claims that they are entitled to a share of any attorneys' fees awarded to Settlement Class Counsel in this lawsuit.

17.2. **Parties Authorized to Enter into Agreement.**  Settlement Class Representatives and Seagate represent and warrant that they are fully authorized to enter into this Agreement and to carry out the obligations provided for herein. Each person executing this Agreement on behalf of a Settlement Class Representative or Seagate covenants, warrants and represents that he or she is and has been fully authorized to do so by the Settlement Class Representative or Seagate.   Each Settlement Class Representative and Seagate hereto further represent and warrant that they intend to be bound fully by the terms of this Agreement.

Plaintiffs and Settlement Class Counsel represent and warrant that Plaintiffs are Settlement Class Members and that none of the Plaintiffs' claims or causes of action that is or could have been asserted in the Action have been assigned, encumbered, or otherwise transferred in any manner in whole or in part.

17.3. **Arm's-Length Negotiations.**  The Parties represent and agree that the terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

17.4. **Best Efforts.**  The Parties and their respective counsel of record agree that they will use their reasonable best efforts to obtain (and, if necessary, defend on appeal) all necessary approvals of the Court required by this Stipulation (including, but not limited to, using their best efforts to resolve any objections raised to the Settlement); provided, however, that Defendant shall have no obligation to file briefs or otherwise advocate in favor of the Fee Application referenced in Paragraph 10, and, pursuant to the terms in Paragraph 10.2,

Defendant shall take no position as to the Fee Application.

17.5. **Independent Investigation and Decision to Settle.** The Parties understand and acknowledge that they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement.  It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in any substantive or procedural law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law or changes in any substantive or procedural law, subsequently occurring or otherwise.

17.6. **Receipt of Advice of Counsel.** Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained in Paragraph 9, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

17.7. **Time Periods.**   The time periods and dates described in this Agreement with respect to the giving of notices and hearings are subject to Court approval and modification by the Court or by written stipulation of Settlement Class Counsel and Seagate's Counsel.

17.8. **Governing Law.**   This Agreement is intended to and shall be governed by the laws of the State of California without regard to its choice of law principles.

17.9. **No Construction Against Drafter.**  This Agreement shall be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Agreement.

17.10. **Press.** Except as required by law or any other disclosure obligations, the Parties, and the Parties' counsel, shall not issue any press releases or make any public or media statements or postings available to the general public online or in social media about this case or the Settlement.

17.11. **Agreement Binding on Successors in Interest.**   This Stipulation shall be binding upon and shall inure to the benefit of the Parties and the Class (and, in the case of the releases, all Released Parties) and the respective legal representatives, heirs, executors, administrators, transferees, successors, and assigns of all such foregoing Persons and upon any corporation, partnership, or other entity into or with which any party may merge, consolidate, or reorganize.

17.12. **Enforcement.**   Any disagreement and/or action to enforce this Agreement shall be commenced and maintained only in the Court in which this Action is pending.

17.13. **Execution in Counterparts.**  This Agreement shall become effective upon its execution by all of the Parties' attorneys.   The signatories may execute this Agreement in counterparts.   Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all signatories had signed the same instrument.

17.14. **Signatures.**  Each person executing this Agreement warrants that such person has the full authority to do so.  Signatures sent in pdf format by email will constitute sufficient execution of this Agreement.

**IN WITNESS WHEREOF**, each of the Parties hereto has caused this Agreement to be executed on its behalf by its duly authorized counsel of record, all as of the day set forth below:

Dated: July 20, 2017

*Class Counsel*

Dated: July 18, 2017

*Duly Authorized Signatory for Seagate Technology LLC*

David J. Stone
BRAGAR EAGEL & SQUIRE, P.C.

Katherine Schuelke
Senior Vice President, Chief Legal Officer, and Corporate Secretary
Seagate Technology LLC

Dated: July 20 2017

*Class Counsel*

Marc L. Godino
GLANCY PRONGAY & MURRAY
LLP

Dated: July 19, 2017

*Attorney for Defendant*

Tiffany Cheung
MORRISON & FOERSTER LLP

Dated: July 20 2017

*Class Counsel*

Jeremiah Frei-Pearson
FINKELSTEIN, BLANKENSHIP,
FREI-PEARSON & GARBER, LLP

Dated: July 20, 2017

*Class Counsel*

Eric A. Grover
KELLER GROVER LLP

Dated: July 19, 2017

*Plaintiff*

Dated: July 19, 2017

*Plaintiff*


_____
LINDA CASTILLO

_____
EVERETT CASTILLO


Dated: July __, 2017

*Plaintiff*

Dated: July __, 2017

*Plaintiff*


_____
FREDA LANG

_____
NICHOLAS DATTOMA


Dated: July __, 2017

*Plaintiff*

Dated: July __, 2017

*Plaintiff*


_____
STEVEN WILK

_____
WENDY TRAN


2556962 {00283500 }

35

Dated: July __, 2017

*Plaintiff*

_____

LINDA CASTILLO

Dated: July __, 2017

*Plaintiff*

_____

FREDA LANG

Dated: July __, 2017

*Plaintiff*

_____

STEVEN WILK

Dated: July __, 2017

*Plaintiff*

_____

EVERETT CASTILLO

Dated: July __, 2017

*Plaintiff*

_____

NICHOLAS DATTOMA

Dated: July __, 2017

*Plaintiff*

_____

WENDY TRAN

July 19, 2017

2556962 {00283500 }

35

Dated: July __, 2017                   Dated: July __, 2017

*Plaintiff*                            *Plaintiff*


_____      _____
LINDA CASTILLO                         EVERETT CASTILLO


Dated: July __, 2017                   Dated: July __, 2017

*Plaintiff*                            *Plaintiff*


_____      _____
FREDA LANG                             NICHOLAS DATTOMA


Dated: July __, 2017                   Dated: July 23, 2017

*Plaintiff*                            *Plaintiff*


_____      _____
STEVEN WILK                            WENDY TRAN

Dated: July __, 2017

*Plaintiff*

 

_____
LINDA CASTILLO

 

Dated: July __, 2017

*Plaintiff*

 

 

_____  *Freda lang*  _____
FREDA LANG

 

7/26/2017
Dated: July __, 2017

*Plaintiff*

 

 

_____
STEVEN WILK

Dated: July __, 2017

*Plaintiff*

 

_____
EVERETT CASTILLO

 

Dated: July __, 2017

*Plaintiff*

 

 

_____
NICHOLAS DATTOMA

 

Dated: July __, 2017

*Plaintiff*

 

 

_____
WENDY TRAN

Dated: July __, 2017

*Plaintiff*

Dated: July __, 2017

*Plaintiff*

_____

LINDA CASTILLO

_____

EVERETT CASTILLO

Dated: July __, 2017

*Plaintiff*

Dated: July __, 2017

*Plaintiff*

_____

FREDA LANG

_____

NICHOLAS DATTOMA

Dated: July **25** 2017

*Plaintiff*

Dated: July __, 2017

*Plaintiff*

*Steven Wilk*
_____

STEVEN WILK

_____

WENDY TRAN

# EXHIBIT A

<u>UNITED STATES DISTRICT COURT</u>
<u>FOR THE NORTHERN DISTRICT OF CALIFORNIA</u>

## Notice of Class Action and Proposed Settlement

### *You may be entitled to receive*
### *benefits under this class action settlement.*

This notice summarizes the proposed settlement reached in *Castillo, et al. v. Seagate Technology LLC*, 4:15-cv-04429-RS. For the precise terms and conditions of the settlement, please see the settlement agreement available at **CastillovSeagateSettlement.com**, by contacting the Settlement Administrator at Dahl Administration, 6465 Wayzata Blvd., Suite 420, Minneapolis, MN 55426, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California*,* San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102 between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

### **This notice may affect your rights – please read it carefully.**

*A federal court authorized this notice. This is **not** a solicitation from a lawyer.*

- A proposed settlement has been reached in a lawsuit entitled *Castillo, et al., v. Seagate Technology LLC*, 3:16-cv-01958-RS, pending in the United States Federal District Court, Northern District of California.  The lawsuit alleges that on or about March 1, 2016, Seagate was the victim of a phishing attack resulting  in the disclosure of 2015 Form W-2 data of individuals who had worked for Seagate and certain corporate affiliates during the 2015 calendar year ("Data Incident").  Seagate maintains that it had meritorious defenses, and it was prepared to vigorously defend the lawsuit.  The settlement is not an admission of wrongdoing or an indication that Seagate has violated any laws.

- If you are a current or former Seagate employee whose 2015 Form W-2 data was involved in the Data Incident, you are a Settlement Employee Class Member.

- If you jointly filed your federal income taxes for 2015 as a spouse, as defined by IRS requirements,[1] with a Settlement Class Member, you are a Qualifying Spouse, and you are a Settlement Third-Party Class Member.

- If you were listed as a dependent on a Settlement Employee Class Member's federal income tax filings for 2015 and were over the age of 21 at the time, you are a Qualifying Adult Dependent, and you are a Settlement Third-Party Class Member.

---

[1] *See* https://www.irs.gov/publications/p17/ch02.html#en_US_2016_publink1000170736.

- If you are a Settlement Employee Class Member, and you have a Qualifying Spouse and/or Qualifying Adult Dependent whose information may have been impacted by the Data Incident, you must notify your Qualifying Spouse and/or Qualifying Adult Dependent of this Settlement immediately.

- The Settlement provides that Settlement Employee and Settlement Third-Party Class Members (collectively "Settlement Class Members") may be eligible for identity theft protection services, including:

  o **Extended Identity Theft Protection.** If you are a Settlement Employee Class Member who previously accepted coverage under Seagate's original Experian ProtectMyID identity theft protection plan (the "Original Experian Plan"), you have the option to extend your Original Experian Plan for a two-year period at Seagate's cost on or before the **June 30, 2018 Election Deadline**. If you elect to extend your identity theft protection coverage prior to the expiration of your Original Experian Plan, the plan will be automatically extended for a two-year period. If you elect to extend your identity theft protection coverage after your Original Experian Plan expires, you must re-activate the ProtectMyID plan in accordance with the instructions provided.

  o **Identity Theft Protection for Settlement Employee Class Members Who Did not Enroll in the Original Experian Plan.** If you are a Settlement Employee Class Member who did not enroll in the Original Experian Plan, you have the option to obtain coverage under Experian's ProtectMyID credit monitoring plan for a two-year period, by requesting to enroll in such plan on or before the **June 30, 2018 Election Deadline**, and, if eligible, by activating the plan in accordance with the instructions provided.

  o **Identity Theft Protection for Settlement Third-Party Class Members.** If you are a Qualifying Adult Dependent or Qualifying Spouse, you have the option to obtain coverage under Experian's ProtectMyID credit monitoring plan for a two-year period, by requesting to enroll in such plan on or before the **June 30, 2018 Election Deadline**, and, if eligible, by activating the plan in accordance with the instructions provided.

- The Settlement also provides for reimbursement of certain economic costs Settlement Class Members may have suffered as a result of the Data Incident. To be eligible for that reimbursement, you must submit a Reimbursement Form along with documentation supporting your claim, and meet certain other requirements. The deadline to submit a claim is **December 31, 2018**.

- Your legal rights are affected whether you act, or do not act. Read this notice carefully.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **SUBMIT AN ELECTION FORM** <br><br> **DEADLINE: JUNE 30, 2018** | This is the only way for Settlement Class Members to extend or enroll in Experian's ProtectMy ID credit monitoring protection plan paid for by Seagate. If you submit an Election Form, you will give up the right to sue Seagate in a separate lawsuit about the claims this Settlement resolves. |
| **SUBMIT ONE OR MORE REIMBURSEMENT FORMS** <br><br> **DEADLINE: DECEMBER 31, 2018** | This is the only way for Settlement Class Members to request reimbursement of economic costs related to the Data Incident. If you submit a Reimbursement Form, you will give up the right to sue Seagate in a separate lawsuit about the claims this Settlement resolves. |
| **DO NOTHING** | Unless you exclude yourself, you are automatically part of this Settlement. If you are a Settlement Class Member and do not submit an Election Form or a Reimbursement Form, you will not receive any benefits of the Settlement.  If you do nothing, you will still give up the right to sue, continue to sue, or be part of another lawsuit against Seagate about the legal claims resolved by this Settlement. |
| **EXCLUDE YOURSELF** <br><br> **DEADLINE: [45 DAYS FOLLOWING NOTICE]** | You will not receive any benefits from the Settlement, but you will not be bound by the terms of the Settlement, if approved by the Court. |
| **OBJECT:** <br><br> **DEADLINE: [45 DAYS FOLLOWING NOTICE]** | If you do not exclude yourself from the Settlement Class, you may object to the Settlement or to Class Counsel's or the Class Representatives' requests for Class Counsel fees or Service Awards, respectively. |
| **GO TO A HEARING ON [DATE]** | You may object to the Settlement and ask the Court permission to speak at the Fairness Hearing about your objection. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Court still must decide whether to approve the Settlement. No benefits will be provided or payments made until after the Court grants final approval of the Settlement and all appeals, if any, are resolved.

QUESTIONS?  READ ON AND VISIT  WWW._____.COM

## WHAT THIS NOTICE CONTAINS

**PAGE**

**BASIC INFORMATION** ............................................................................................... **5**
    1.     Why is this Notice being provided?
    2.     What is this lawsuit about?
    3.     Why is this a class action?
    4.     Why is there a Settlement?

**WHO IS IN THE SETTLEMENT** .................................................................................. **6**
    5.     How do I know if I am part of the Settlement?
    6.     Are there exceptions to being included in the Settlement?
    7.     What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS** .................................................................................. **6**
    8.     What benefits does the Settlement provide?
    9.     Tell me more about enrollment in the Experian ProtectMyID Plan.
    10.    Tell me more about reimbursement of economic costs.

**HOW TO RECEIVE SETTLEMENT BENEFITS** .......................................................... **8**
    11.    How can I enroll in Experian ProtectMyID Plan?
    12.    How do I obtain reimbursement of economic costs related to the Data Incident?
    13.    When will I receive my reimbursement payment under the Settlement?
    14.    What am I giving up as part of the Settlement?

**THE LAWYERS REPRESENTING YOU** ...................................................................... **9**
    15.    Do I have a lawyer in the case?
    16.    How will the lawyers be paid?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ................................................ **10**
    17.    What does it mean to exclude myself from the Settlement?
    18.    If I exclude myself, can I get anything from this Settlement?
    19.    If I do not exclude myself, can I sue later?
    20.    How do I exclude myself from the Settlement?

**OBJECTING TO THE SETTLEMENT** ........................................................................ **10**
    21.    How do I tell the Court if I do not like the Settlement?
    22.    What is the difference between objecting and asking to be excluded?

**FINAL APPROVAL HEARING** .................................................................................. **12**
    23.    When and where will the Court decide whether to approve the Settlement?
    24.    Do I have to come to the hearing?
    25.    May I speak at the hearing?

**IF YOU DO NOTHING** ............................................................................................. **12**
    26.    What happens if I do nothing at all?

**GETTING MORE INFORMATION** ............................................................................ **13**
    27.    How do I get more information about the proposed Settlement?

# BASIC INFORMATION

## 1.   Why is this Notice being provided?

This Class Notice is provided pursuant to an order issued by the Court to inform you of the proposed Settlement and the Final Approval Hearing to be held by the Court to consider, among other things, (a) whether the Settlement is fair, reasonable and adequate and should be approved; and (b) Class Counsel's request for Class Counsel Fees and the Class Representatives' request for a Service Award.  This Class Notice explains the nature of the lawsuit, the general terms of the proposed Settlement (including the benefits available), and your legal rights and obligations. This Class Notice is not an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the Action.

The Honorable Judge Richard Seeborg of the United States District Court for the Northern District of California is overseeing this action, which is known as *Castillo, et al. v. Seagate Technology LLC*, 3:16-cv-01958-RS (the "Action").  The people that filed the lawsuit are called "Plaintiffs."  Seagate is the "Defendant."

## 2.   What is this lawsuit about?

Plaintiffs in this matter claim that on or about March 1, 2016, Seagate disclosed that it was the victim of a phishing attack resulting in the disclosure of 2015 Form W-2 data ("W-2 Data") concerning individuals who had worked for Seagate and certain corporate affiliates ("Employees") during the 2015 calendar year  (the "Data Incident").

Following the Data Incident, Plaintiffs allege that certain Employees were informed that unknown individuals had filed fraudulent tax returns in their names with the Internal Revenue Service, and state taxing authorities.  Plaintiffs also allege that certain of those Employees learned that the fraudulent tax returns were jointly filed, on behalf of themselves and their spouses, and included their spouses' Social Security number.

Seagate notified current and former Employees of the Data Breach and offered two years of free credit protection through Experian ProtectMyID® ("Original Experian Plan").

Plaintiffs claim that Seagate did not adequately protect their personal information, and that they were injured as a result of the Data Incident.  Seagate denies any wrongdoing, and no court or other entity has made any judgment or other determination of any wrongdoing or that any law has been violated.

## 3.   Why is this a class action?

In a class action, one or more people called "class representatives" sue on behalf of themselves and other people with similar claims.  The Plaintiffs (the class representatives here), together with the people they represent, are called Settlement Class Members.  One court resolves the issues for all Settlement Class Members, except for those people who timely exclude themselves from the Settlement Class.  In this case, the Class Representatives are:  Everett Castillo, Linda Castillo, Nicholas Dattoma, Freda Lang, Wendy Tran, and Steven Wilk.

4.      __Why is there a Settlement?__

The Court has not decided in favor of Plaintiffs or Seagate. Instead, both sides agreed to a settlement.  Settlement avoids the costs and uncertainty of trial and related appeals, while providing benefits to members of the Settlement Class.  The Class Representatives and attorneys for the Settlement Class ("Settlement Class Counsel") believe the Settlement is in the best interests of the Settlement Class Members.

# WHO IS IN THE SETTLEMENT

5.      __How do I know if I am part of the Settlement?__

You are included in the Settlement Class if you are a member of one of the following classes:

a.  **Employee Class:** All persons who are or were employees of Seagate or its affiliates (collectively "Seagate") and whose W-2 information was involved in the Data Incident; and

b.  **Third Party Class:** All individuals who were Qualifying Spouses or Qualifying Adult Dependents of a Settlement Employee Class Member.

6.      __Are there exceptions to being included in the Settlement?__

Yes, the Settlement Class does not include any judge presiding over this matter and any of their first degree relatives, judicial staff, or the officers and directors of Seagate.

7.      __What if I am not sure whether I am included in the Settlement?__

If you are not sure whether you are in the Class, or have any other questions about the Settlement, call the toll-free number, 1-866-677-2607.  You also may write with questions to: Dahl Administration, 6465 Wayzata Blvd., Suite 420, Minneapolis, MN 55426 or go to **CastillovSeagateSettlement.com**.

# THE SETTLEMENT BENEFITS

8.      __What benefits does the Settlement provide?__

Seagate will offer Settlement Class Members the following benefits under the Settlement: (1) coverage under an Experian identity theft protection plan, either as (a) Extended Identity Theft Protection for a period of two years; or (b) Identity Theft Protection for a period of two years to Class Members who did not enroll in the Original Experience Plan; and (2) reimbursement of economic costs up to $3,500.00 per Settlement Class Member, which are: (a) related to the Data Incident; (b) not otherwise reimbursable by Experian or another third party; (c) supported by required documentation and (d) meets all requirements set forth in the Claim Form and the Settlement Agreement.

Complete details regarding the settlement benefits are available in the Settlement Agreement, which is available at **CastillovSeagateSettlement.com**.

**9.     Tell me more about enrollment in the Experian ProtectMyID Plan.**

Settlement Class Members can enroll in one of the following Experian Identity Theft Protection plans:

**Extended Identity Theft Protection.**  Any Settlement Employee Class Member who does not submit a timely request for exclusion from the Settlement Class and who previously accepted the Original Experian Plan shall have the option to extend his or her Original Experian Plan for a two-year period, at Seagate's cost, on or before the Election Deadline.  If a Settlement Employee Class Member elects to extend his or her identity theft protection coverage prior to the expiration of his or her Original Experian Plan, the plan will be automatically extended for a two-year period.  If a Settlement Employee Class Member elects to extend his or her identity theft protection coverage after the expiration of his or her Original Experian Plan, he or she must re-activate the ProtectMyID plan in accordance with the instructions provided.

**Identity Theft Protection for Settlement Employee Class Members Who Did not Enroll in the Original Experian Plan.**  Any Settlement Employee Class Member who does not submit a timely request for exclusion from the Settlement Class and who did not enroll in the Original Experian Plan shall have the option to obtain coverage under Experian's ProtectMyID credit monitoring plan for a two-year period, by requesting to enroll in such plan on or before the Election Deadline, and, if eligible, by activating the plan in accordance with the instructions provided.

**Identity Theft Protection for Settlement Third-Party Class Members.**  Any Settlement Third-Party Class Member who does not submit a timely request for exclusion from the Settlement Class shall have the option to obtain coverage under Experian's ProtectMyID credit monitoring plan for a two-year period, by requesting to enroll in such plan on or before the Election Deadline, and, if eligible, by activating the plan in accordance with the instructions provided.

**10.     Tell me more about reimbursement of economic costs.**

Any Settlement Class Member may submit one or more Claims for reimbursement for documented economic costs related to the Data Incident that have not been reimbursed by Experian or other third party, up to an aggregate total of $3,500.00 per Settlement Class Member, provided, however, that no Settlement Class member may submit a Reimbursement Form unless said Settlement Class Member has first submitted a Reimbursement Claim to Experian, Experian has denied the claim, and said Settlement Class Member has exhausted Experian's claims process.

Settlement Class Members who wish to make a Claim for reimbursement of economic costs related to the Data Incident must provide to the Settlement Administrator information required to evaluate the claim, including: (a) the Claimant's name and current address, and if a Settlement Third-Party Class Member, documentation sufficient to establish that he or she is a Qualifying Spouse or Qualifying Adult Dependent; (b) if applicable, a signed copy of IRS Form 14039

along with a statement under penalty of perjury that the form was submitted to the Internal Revenue Service; (c) the bills or invoices documenting the amount of the Claim and proof that the bills or invoices were paid; (d) documentation showing that the claim was submitted and denied by Experian; and (e) a statement signed under penalty of perjury indicating that: (i) the monetary loss claimed is related to the Data Incident; and (ii) the total amount claimed has not been reimbursed by any other third party. Third-party documentation of a monetary loss is required to establish a claim.

If a Settlement Class Member was provided notice of his or her entitlement to enroll in an Experian plan, but was not enrolled in such service at the time of the loss for which she or he seeks reimbursement arose, and the loss would have been covered under the identity theft insurance coverage provided through an Experian plan had the Settlement Class Member been enrolled, then the loss may not be claimed for reimbursement hereunder.

# HOW TO RECEIVE SETTLEMENT BENEFITS

### 11.   How can I enroll in Experian ProtectMyID Plan?

To receive the Experian ProtectMyID plan from Seagate, Settlement Class Members must submit an Election Form by mail or through the Settlement Website by **June 30, 2018**.  The Settlement Administrator will notify you of any deficiencies with respect to your Election Form, and you will have 21 days after such notice is sent to correct these deficiencies.  The Settlement Administrator will then issue a final decision on your entitlement to the Experian ProtectMyID plan.

An Election Form is available at **CastillovSeagateSettlement.com** or by calling 1-866-677-2607. Election Forms are also available by writing to the Settlement Administrator at Dahl Administration, 6465 Wayzata Blvd., Suite 420, Minneapolis, MN 55426.

### 12.   How do I obtain reimbursement of economic costs related to the Data Incident?

For reimbursement of documented economic impact related to the Data Incident that have not been reimbursed by Experian or other third party, up to an aggregate total of $3,500.00 in reimbursement per Settlement Class Member, you must complete and submit a Reimbursement Form(s) and provide documentation proving the economic costs as described above. You can get the Reimbursement Form at **CastillovSeagateSettlement.com** or by calling 1-866-677-2607. For each Reimbursement Form, you must read the instructions carefully, fill out the form completely, attach the required documentation, and either submit the form and documentation through the Settlement Website, or mail the form postmarked no later than December 31, 2018, to:

> Dahl Administration
> 6465 Wayzata Blvd., Suite 420
> Minneapolis, MN 55426

If you have questions about how to file a claim, call 1-866-677-2607 or go to **CastillovSeagateSettlement.com**.

**13.**     **When will I receive my reimbursement payment under the Settlement?**

If you file a timely and valid Reimbursement form and submit required documentation, the Settlement Administrator will evaluate your claim to confirm your eligibility and calculate your payment amount. The Settlement Administrator will notify you of any deficiencies with respect to your claim, and you will have 21 days after such notice is sent to correct these deficiencies. The Settlement Administrator will then issue a final decision on your claim.

Payments for valid claims will not be made until after the Settlement is finally approved and all appeals and other reviews have been exhausted.

**14.**     **What am I giving up as part of the Settlement?**

Unless you exclude yourself, you cannot sue Seagate or be part of any lawsuit against Seagate about any of the issues in this Action.  Unless you exclude yourself, all of the decisions by the Court will bind you. The specific claims you are giving up are described in Paragraph 9 of the Settlement Agreement. You will be releasing your claims against Seagate and all related people as described in Paragraph 9.

The Settlement Agreement is available at **CastillovSeagateSettlement.com** or by calling 1-866-677-2607.  The Settlement Agreement describes the released claims with specific descriptions, so please read it carefully. If you have any questions about what this means, you can talk to Settlement Class Counsel, or you can talk to your own lawyer at your own expense.

# THE LAWYERS REPRESENTING YOU

**15.**     **Do I have a lawyer in the case?**

Yes, you do have a lawyer in the case.  The Court appointed the law firms of Bragar Eagel & Squire, P.C., Glancy Prongay & Murray LLP, Keller Grover LLP, and Finkelstein, Blankinship, Frei-Pearson & Garber, LLP to represent you and the Settlement Class. These firms are called "Settlement Class Counsel."   You will not be charged by these lawyers for their work on this case.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**16.**     **How will the lawyers be paid?**

Class Counsel will ask the Court for Seagate to pay for reasonable attorneys' fees of up to $746,250.00, plus actual costs of up to $25,000.00, and Class Representative service awards not to exceed $15,000.00.  The Court will decide the amount of attorneys' fees, costs, and service awards.  Any attorneys' fees, costs, and service awards approved will be paid by Seagate and will not reduce the benefits provided to you or the other Settlement Class Members under the proposed Settlement.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

**17.**     **What does it mean to exclude myself from the Settlement?**

If you want to keep the right to sue or continue to sue Seagate about the legal claims in this case, you must take steps to exclude yourself from the Settlement Class.  Excluding yourself is also called opting out of the Settlement.

**18.**     **If I exclude myself, can I get anything from this Settlement?**

No, if you exclude yourself, you cannot get anything from the Settlement.  If you exclude yourself, you may not apply for any benefits under the proposed Settlement and you cannot object to the proposed Settlement.

**19.**     **If I do not exclude myself, can I sue later?**

No, if you do not exclude yourself, you cannot sue later. Unless you exclude yourself, you give up the right to sue Seagate for all of the claims that this proposed Settlement resolves.

**20.**     **How do I exclude myself from the Settlement?**

To exclude yourself from the proposed Settlement, you must timely submit, by U.S. Mail, written notice of your intent to opt-out of the Settlement to the Settlement Administrator's designated address established for opt-outs.  The written notice must clearly manifest your intent to be excluded from the Settlement Class in *Castillo, et al. v. Seagate Technology, LLC*, No. 3:16-cv-01958-RS, and must be signed by you.  You can only request exclusion for yourself: you cannot request to exclude any other member of the Settlement Class.  Mass opt-outs are not permitted.

To be effective, written notice must be postmarked by _____ and mailed to:

> Dahl Administration
> 6465 Wayzata Blvd., Suite 420
> Minneapolis, MN 55426

You <u>cannot</u> ask to be excluded on the phone, by email, or on the website.

# OBJECTING TO THE SETTLEMENT

**21.**     **How do I tell the Court if I do not like the Settlement?**

If you are a Settlement Class Member, you can object to or comment on the Settlement, Settlement Class Counsel's request for attorneys' fees, costs, and expenses, and/or the Settlement Class Representatives' request for service awards. To object, you must state in writing that you object to the Settlement, and include the following information in your written objection:

1.  The name of the Action;

2.  Your full name, mailing address, telephone number, and e-mail address;

3.  A statement of the basis on which you claim to be a Settlement Class Member;

4.  A written statement of all grounds for your objection, accompanied by any legal support for the objection, and any evidence you wish to introduce in support of the objection;

5.  The identity of all counsel, if any, representing you, including any former or current counsel who may claim entitlement to compensation for any reason related to the objection to the Settlement or the Fee Application;

6.  A statement confirming whether you intend to personally appear and/or testify at the Final Approval Hearing and the identification of any counsel representing you who intends to appear at the Final Approval Hearing;

7.  A list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; and

8.  Your signature signed under oath and penalty of perjury or, if legally incapacitated, the signature of your duly authorized representative (along with documentation setting forth such legal incapacitation and representation) (an attorney's signature is not sufficient).

Failure to include this information may be grounds for the Court to disregard your objection.

To submit an objection, send a letter the Court either by: (a) mailing it to the Class Action Clerk, United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, or; (b) by filing the objection in person at any location of the United States District Court for the Northern District of California. Mailed objections must be filed or postmarked on or before the Objection Deadline, which is [Objection Deadline].

## 22.    **What is the difference between objecting and asking to be excluded?**

You can object to the Settlement when you wish to remain a Settlement Class Member and be subject to the Settlement, but disagree with some aspect of the Settlement. An objection allows your views to be heard in Court.

Excluding yourself from the Settlement Class means that you are no longer a Settlement Class Member and do not want the Settlement to apply to you. Once you are excluded, you lose the right to receive any benefits from the Settlement or to object to any aspect of the Settlement because the case no longer affects you.

# FINAL APPROVAL HEARING

**23.   When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing at TIME a.m., on **DATE**, at the San Francisco Courthouse, Court Room 3, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. At the Final Approval Hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. The Court may also consider Class Counsel's request for attorneys' fees and costs, and the service awards. If there are objections, the Court will consider them. After the Final Approval Hearing, the Court will decide whether to approve the proposed Settlement and how much to award to Class Counsel as fees and costs, and the service awards.

The Final Approval Hearing may be moved to a different date or time without additional notice, so it is recommended that you periodically check **CastillovSeagateSettlement.com** and the Court docket in this case through the Court's Public Access to Electronic Records (PACER) system at http://ecf.uscourts.gov to confirm the date of the Final Approval Hearing.

**24.   Do I have to come to the hearing?**

No, you do not have to attend the hearing. Class Counsel will answer any questions the Court may have. However, you are welcome to attend the hearing at your own expense. If you submit a written objection, you do not have to come to the Fairness Hearing to raise your objection.  As long as you timely mailed your written objection, the Court will consider it. You also may pay your own lawyer to attend the Final Approval Hearing, but their attendance is not necessary.

**25.   May I speak at the hearing?**

Yes, you may speak at the hearing. If you would like to do so, you must indicate your intent to personally appear and/or testify at the Final Approval Hearing, and identify any counsel representing you who intends to appear at the Final Approval Hearing, when providing written notice of your objection as noted in Question 21 above regarding how to object to the Settlement. You cannot speak at the hearing if you exclude yourself from the Settlement.

# IF YOU DO NOTHING

**26.   What happens if I do nothing at all?**

If you are a Settlement Class Member and you do nothing, you will be legally bound by the Settlement, and you will not receive any benefits of the Settlement, including but not limited to the Experian ProtectMyID plan, or reimbursement for economic costs related to the Data Incident.  You will not be able to bring a lawsuit, continue a lawsuit, or be a part of any other lawsuit against Seagate about the claims in this case.

If you would like to request benefits under the Settlement, you must follow the instructions described in sections 11-12 above.

# GETTING MORE INFORMATION

**27.      How do I get more information about the proposed Settlement?**

This notice summarizes the proposed Settlement. More details are included in the Settlement Agreement. You can get a copy of the Settlement Agreement at **CastillovSeagateSettlement.com**. You also may write with questions to the Settlement Administrator, at Dahl Administration, 6465 Wayzata Blvd., Suite 420, Minneapolis, MN 55426. You can access Reimbursement and Election Forms and review additional documents on the Settlement Website. You can also request to receive Reimbursement and Election Forms, a copy of the Settlement Agreement, and a detailed notice by mail by calling the toll-free number, 1-866-677-2607.

# EXHIBIT B

# Summary Notice

*Castillo, et al., v. Seagate Technology LLC*, No. 3:16-cv-01958-RS

## *You may be entitled to receive benefits under this class action settlement.*

*A federal court authorized this Notice. It is not a solicitation from a lawyer.*

A proposed settlement has been reached in a lawsuit entitled *Castillo, et al., v. Seagate Technology LLC,* 3:16-cv-01958-RS, pending in the United States Federal District Court, Northern District of California.  The lawsuit alleges that on or about March 1, 2016, Seagate was the victim of a phishing attack resulting  in the disclosure of 2015 Form W-2 data of individuals who had worked for Seagate and certain corporate affiliates during the 2015 calendar year ("Data Incident").  Seagate maintains that it had meritorious defenses, and it was prepared to vigorously defend the lawsuit.  The settlement is not an admission of wrongdoing or an indication that Seagate has violated any laws.

**Who Is Included?**  Seagate's records indicate you are included in the settlement as a Settlement Employee Class Member because you are a current or former Seagate employee whose 2015 Form W-2 data was involved in the Data Incident.  Your Qualifying Spouse[1] and/or Qualifying Adult Dependent(s)[2] may also be included in the Settlement as Settlement Third-Party Class Members.  You are responsible for notifying Settlement Third-Party Class Members of the Settlement.

**What Benefits are Included in the Settlement?**

- Settlement Employee Class Members who previously accepted coverage under Seagate's original Experian ProtectMyID identity theft protection plan (the "Original Experian Plan") have the option to extend their identity theft protection coverage for a two-year period at Seagate's cost.

- Settlement Employee Class Members who did not enroll in the Original Experian Plan, as well as Settlement Third-Party Class Members, have the option to obtain coverage under Experian's ProtectMyID plan for a two-year period at Seagate's cost.

- Settlement Class Members may also seek reimbursement of economic costs up to $3,500 per Settlement Class Member that are related to the Data Incident and not otherwise reimbursable by Experian or another third party, and which are supported by required documentation.

**How Do I Receive Settlement Benefits?**  To receive Experian's ProtectMyID Plan, Settlement Class Members must submit an Election Form to the Settlement Administrator by **June 30, 2018**.  To file a claim for reimbursement of economic costs, Settlement Class Members must submit a Reimbursement Form to the Settlement Administrator by **December 31, 2018**.  Both forms are available at CastillovSeagateSettlement.com, by calling 1-866-677-2607, or by writing to the Settlement Administrator at Dahl Administration, 6465 Wayzata Blvd., Suite 420, Minneapolis, MN 55426.  Both forms may be submitted through the Settlement Website or by mail to the Settlement Administrator.

**What Are My Options?**  You can do nothing, submit an Election Form or a Claim Form, or exclude yourself from the settlement.  If you do nothing, submit an Election or a Claim Form, your rights will be affected.  You won't be able to sue Defendant in a future lawsuit about the claims addressed in the settlement.  If you exclude yourself, you won't receive the listed settlement benefits —but you'll keep your right to sue Defendant in a separate lawsuit on the issues covered by the settlement.  You must contact the Settlement Administrator by mail to exclude yourself.  If you do not exclude yourself, you can object to the settlement, Class Counsel's request for fees and expenses, or the

---

[1] A "Qualifying Spouse" means a person who jointly filed his or her 2015 federal income taxes as your spouse, as defined by IRS requirements (https://www.irs.gov/publications/p17/ch02.html#en_US_2016_publink1000170736).

[2] A "Qualifying Adult Dependent" means a person who was claimed as a dependent on a Settlement Class Member's 2015 federal income tax filings and was over the age of 21 at that time.

Settlement Class Representatives' requests for incentive awards.  ***All Requests for Exclusion and Objections must be postmarked or filed in person by [exclusion/objection deadline]***.

**The Final Approval Hearing.**  The Court will hold a Final Approval Hearing at [TIME a.m., on DATE], at the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.  At the Final Approval Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate. The Court may also consider Settlement Class Counsel's request for attorneys' fees and costs, and service awards to the Settlement Class Representatives that filed this lawsuit. If there are objections, the Court will consider them.

**Getting More Information.**  More information, including the Settlement Agreement and other related documents, is available at CastillovSeagateSettlement.com.

EXHIBIT C

*Castillo, et al., v. Seagate Technology LLC,* No. 3:16-cv-01958-RS
# Settlement Identity Theft Protection Extension and Enrollment Election Form

You may submit this Election Form only if you are a *Settlement Class Member* in the above action, either as a *Settlement Employee Class Member* or *Settlement Third Party Class Member*.

> The Settlement Employee Class is defined as "all persons who are or were employees of Seagate or its affiliates (collectively "Seagate") and whose W-2 information was involved in the Data Incident."

> The Settlement Third-Party Class is defined as "All individuals who were Qualifying Spouses or Qualifying Adult Dependents of a Settlement Employee Class Member."[1]

As a member of the Settlement Class, if you do not submit a timely request for exclusion from the Settlement Class, you are entitled to one of the following identity theft protection benefits:

- Settlement Employee Class Members who previously accepted coverage under Seagate's original Experian ProtectMyID identity theft protection plan (the "Original Experian Plan") have the option to extend their identity theft protection coverage for a two-year period at Seagate's cost.

  o If a Settlement Employee Class Member elects to extend his or her identity theft protection coverage prior to the expiration of his or her Original Experian Plan, the plan will be automatically extended for a two-year period.

  o If a Settlement Employee Class Member elects to extend his or her identity theft protection coverage after the expiration of his or her Original Experian Plan, he or she must re-activate the ProtectMyID plan in accordance with the instructions provided.

- Settlement Employee Class Members who did not enroll in the Original Experian Plan, as well as Settlement Third-Party Class Members, have the option to obtain coverage under Experian's ProtectMyID plan for a two-year period at Seagate's cost.

**To elect the Experian ProtectMyID plan, please provide the following information (select only one):**

   Yes, I want to **extend** my identity theft protection coverage under my Original Experian Plan for a two-year period at Seagate's cost.  I declare under penalty of perjury that I am a Settlement Employee Class Member and that the information provided below is true and accurate.

   Yes, I want to **enroll** in Experian's ProtectMyID plan for a two-year period at Seagate's cost.  I was not previously enrolled in the Original Experian Plan.  I declare under penalty of perjury that I am a Settlement Employee Class Member and that the information provided below is true and accurate.

   Yes, I am a Qualifying Adult Dependent, and I want to **enroll** in Experian's ProtectMyID plan for a two-year period at Seagate's cost.  I have attached required documentation demonstrating that a Settlement Employee Class Member declared me as a dependent on his or her federal income tax forms for 2015 and that I was over age 21 at that time.  I declare under penalty of perjury that I am a Settlement Third-Party Class Member and that the information provided below is true and accurate.

---

[1] A "Qualifying Spouse" means a person who jointly filed his or her federal income taxes for 2015 as a spouse, as defined by IRS requirements (https://www.irs.gov/publications/p17/ch02.html#en_US_2016_publink1000170736) with a Settlement Class Member.  A "Qualifying Adult Dependent" means a person who was listed as a dependent on a Settlement Class Member's federal income tax filings for 2015 and was over the age of 21 at that time.

Yes, I am a Qualifying Spouse, and I want to **enroll** in Experian's ProtectMyID plan for a two-year period at Seagate's cost.  I have attached required documentation demonstrating that I jointly filed my federal income tax forms for 2015 with a Settlement Employee Class Member as his or her spouse.  I declare under penalty of perjury that I am a Settlement Third-Party Class Member and that the information provided below is true and accurate.

**No Settlement Class Member may have more than one Seagate-sponsored Experian Plan at any time.**

First Name: _____ MI: ____ Last Name: _____

Address: _____

E-Mail: _____ Phone Number: _____

Signature: _____ Date: _____

You must submit this form as well as any required documentation in support through the Settlement Website, or by mailing it to the following address:

Dahl Administration
6465 Wayzata Blvd., Suite 420
Minneapolis, MN 55426

If you have any questions, call 1-866-677-2607 or go to CastillovSeagateSettlement.com for more information.

The deadline to submit this form is **June 30, 2018**.  *Forms submitted after this date will not be approved for an identity theft protection benefit.*

EXHIBIT D

*Castillo, et al., v. Seagate Technology LLC,* 3:16-cv-01958-RS
Dahl Administration
6465 Wayzata Blvd., Suite 420
Minneapolis, MN 55426

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

*Castillo, et al., v. Seagate Technology LLC,* 3:16-cv-01958-RS

## REIMBURSMENT FORM

Eligible Settlement Class Members may submit one or more claims for reimbursement ("Claims") for documented economic costs related to the Data Incident which have not been reimbursed by Experian or other third party, up to an aggregate of $3,500.00 in reimbursement per Settlement Class Member, provided, however, that no Settlement Class member for whom the Experian ProtectMyID plan has been provided by Seagate may submit a Claim unless said Settlement Class Member has first submitted a Claim to Experian, Experian has denied the claim, and said Settlement Class Member has exhausted Experian's claims process.

Additional information is contained in the Notice and the Settlement Agreement, both of which are available at CastillovSeagateSettlement.com or by calling 1-866-677-2607.

Settlement Class Members who wish to make a Claim for reimbursement of economic costs related to the Data Incident must provide to the Settlement Administrator information required to evaluate the Claim, including: (a) the Claimant's name and current address, and if a Settlement Third-Party Class Member, documentation sufficient to establish that he or she is a Qualifying Spouse or Qualifying Adult Dependent; (b) if applicable, a signed copy of IRS Form 14039 along with a statement under penalty of perjury that the form was submitted to the Internal Revenue Service; (c) the bills or invoices documenting the amount of the Claim and proof that the bills or invoices were paid; (d) documentation showing that the Claim was submitted and denied by Experian; and (e) a statement signed under penalty of perjury indicating that: (i) the economic costs claimed is related to the Data Incident; and (ii) the total amount claimed has not been reimbursed by any other third party. Third-party documentation of the economic costs is required to establish a Claim.

If a Settlement Class Member was provided notice of his or her entitlement to enroll in an Experian plan, but was not enrolled in such service at the time of the loss for which she or he seeks reimbursement arose, and the loss would have been covered under the identity theft insurance coverage provided through an Experian plan had the Settlement Class Member been enrolled, then the loss may not be claimed for reimbursement hereunder.

Settlement Class Members must submit this documentation along with the form required below through the Settlement Website, or by mailing it to the following address:

Dahl Administration
6465 Wayzata Blvd., Suite 420
Minneapolis, MN 55426

If you have any questions, call 1-866-677-2607 or go to CastillovSeagateSettlement.com for more information.

**Deadline:** All Claims must be submitted to the Settlement Administrator on or before **December 31, 2018.**

---

## CLAIMAINT INFORMATION
### Please Type or Print in the Boxes Below

First Name                                    MI          Last Name

Mailing Address (Street, PO Box, Suite or Office Number)

City                                          State       Zip Code

### Additional Information

Last Four Digits of Social Security Number

Email Address (optional)

Telephone Number (optional)

---

I declare under penalty of perjury that:

☐ The economic costs I have claimed on this form is related to the Data Incident; and

☐ The total amount claimed has not been reimbursed by any other third party.

You may submit one or more reimbursement requests, but all of your requests cannot exceed an aggregate $3,500.  Only one (1) form is needed for multiple costs incurred from the Data Incident.

## Amount Requested:

$ ☐ , ☐☐☐ . ☐☐

**Documentary proof must be submitted to support your exact claim amount.**

Please provide a brief description of economic costs requested in this Claim, as well as an explanation of how such losses are related to the Data Incident. (You may attach additional pages if necessary).

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Signature:_____     Date:_____

Print Name:_____     Your claim will be submitted to the Settlement Administrator for review.  If your Reimbursement Form is incomplete, untimely, or contains false information, it may be rejected by the Settlement Administrator.  If your claim is approved, you will be mailed a check at the street address you provide.  This process takes time; please be patient.

**REIMBURSEMENT FORMS MUST BE SUBMITTED ONLINE OR POSTMARKED NO LATER THAN [Claims Deadline] TO BE ELIGIBLE FOR PAYMENT.  FILE ONLINE AT:  [website] OR MAIL THIS CLAIM FORM TO: Dahl Administration, 6465 Wayzata Blvd., Suite 420, Minneapolis, MN 55426.**

# EXHIBIT E

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| EVERETT CASTILLO, LINDA CASTILLO, NICHOLAS DATTOMA, FREDA LANG, WENDY TRAN, AND STEVEN WILK, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No. 3:16-cv-01958-RS |
| | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVING NOTICE PROGRAM** |
| Plaintiffs, | |
| v. | Date:    September 21, 2017 |
| | Time:    1:30 p.m. |
| SEAGATE TECHNOLOGIES LLC, | Judge:    Hon. Richard Seeborg |
| | Courtroom:  3 – 17th Floor |
| Defendant. | |

WHEREAS, a consolidated class action is pending before the Court entitled *Castillo, et al., v. Seagate Technologies LLC*, Case No. 3:16-CV-01958-RS; and

WHEREAS, Everett Castillo, Linda Castillo, Nicholas Dattoma, Freda Lang, Wendy Tran, and Steven Wilk (also referred to as "Plaintiffs" or "Settlement Class Representatives" for purposes of the Settlement Agreement), for themselves and on behalf of the Settlement Class, and Seagate Technologies LLC ("Seagate" or "Defendant"), have agreed to settle Plaintiffs' claims related to a phishing attack perpetrated against Seagate (the "Data Incident");

WHEREAS, the Parties' Stipulation and Agreement of Settlement ("Settlement Agreement"), together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Seagate for the claims of the Settlement Class upon the terms and conditions set forth in the Settlement Agreement, and the Court having read and considered the Settlement Agreement and exhibits attached thereto;

This matter coming before the Court upon the agreement of the Parties and the motion of Plaintiffs seeking preliminary approval of the Settlement Agreement, good cause being shown, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

1.      Terms and phrases in this order shall have the same meaning as set forth in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of the Action, the Plaintiffs, the Settlement Class Members, and Seagate, and venue is proper in this District.

Settlement Class Certification.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for settlement purposes only, a Settlement Class consisting of the following subclasses:

a      **Settlement Employee Class:**  All persons who are or were employees of Seagate or its affiliates (collectively "Seagate") and whose W-2 information was involved in the Data Incident.

1
2
3

        b    **Settlement Third Party Class:**  All individuals who were Qualifying Spouses[1] or Qualifying Adult Dependents[2] of a Settlement Employee Class Member.

4        4.    Excluded from the Settlement Class are Defendant, their officers and directors

5 during the Settlement Class Period, the members of their immediate families, and their respective

6 representatives, heirs, successors, and assigns.  Also excluded from the Settlement Class are those

7 Persons who otherwise satisfy the above requirements for membership in the Settlement Class,

8 but who timely and validly request exclusion from the Settlement Class pursuant to the Notice to

9 be sent to Settlement Class Members.

10        5.    The Court hereby appoints Plaintiffs Everett Castillo, Linda Castillo, Wendy Tran,

11 Nicholas Dattoma, Freda Lang, and Steven Wilk as Settlement Class Representatives.

12        6.    The Court hereby appoints David J. Stone of Bragar Eagel & Squire, P.C., Marc L.

13 Godino of Glancy Prongay & Murray LLP, Jeremiah Frei-Pearson of Finkelstein, Blankinship,

14 Frei-Pearson & Garber, LLP and Eric A. Grover of Keller & Grover LLP as Settlement Class

15 Counsel.

16 <u>Preliminary Approval</u>

17        7.    Plaintiffs have moved the Court for an order approving the settlement of the Action in

18 accordance with the Settlement Agreement, which, together with the documents incorporated therein,

19 sets forth the terms and conditions for a proposed settlement and dismissal of the Action with

20 prejudice against Seagate.  The Court, having read and considered the Settlement Agreement and

21 having heard the Parties' arguments in support of the Settlement Agreement, hereby preliminarily

22

23

24

25

26

27

28

---

[1] A "Qualifying Spouse" means a person who jointly filed his or her 2015 federal income taxes as a spouse, as defined by IRS requirements (https://www.irs.gov/publications/p17/ch02.html#en_US_2016_publink1000170736) with a Settlement Class Member.

[2] A "Qualifying Adult Dependent" means a person who was listed as a dependent on a Settlement Class Member's 2015 federal income tax filings and was over the age of 21 at that time.

1     approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in

2     Paragraph 20 of this order.

3           8.     The Court finds that, subject to the Final Approval Hearing, the Settlement

4     Agreement falls within the range of possible approval as fair, reasonable, adequate, and in the

5     best interests of the Settlement Class as to their claims against Seagate.  The Court further finds

6     that the Settlement Agreement substantially fulfills the purposes and objectives of the class

7     action, and provides beneficial relief to the Settlement Class.  The Court also finds that the

8     Settlement Agreement: (a) is the result of serious, informed, non-collusive arms' length

9     negotiations involving experienced counsel familiar with the legal and factual issues of this case

10     and made with the assistance of Honorable Carl J. West (Ret.) of JAMS; (b) is sufficient to

11     warrant notice of the settlement and the Final Approval Hearing to the Settlement Class; (c) meets

12     all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class

13     Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of

14     liability by Seagate.

15     <u>Notice and Administration</u>

16           9.     Dahl Administration is hereby appointed as Settlement Administrator and shall

17     perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement

18     and this order.

19          10.    The Court finds that the notice plan and all forms of Notice to the Class as set forth

20     in the Settlement Agreement and Exhibits A-B thereto (the "Notice Program") is reasonably

21     calculated to, under all circumstances, apprise the members of the Settlement Class of the

22     pendency of this action, the certification of the Settlement Class, the terms of the Settlement

23     Agreement, and the right of members to object to the settlement or to exclude themselves from

24     the Class.  The Notice Program is consistent with the requirements of Rule 23 and due process,

25     and constitutes the best notice practicable under the circumstances.

26          11.    The Court thus hereby approves the Notice Program, including the proposed

27     Notice documents attached as Exhibits A-B to the Settlement Agreement.  The Court also

28     approves the plan for Claims administration, including the Election Form and Reimbursement

Form attached as Exhibits C-D to the Settlement Agreement. The Parties may, by agreement, revise the Notice, Election Form, or Reimbursement Form documents in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

12.     Pursuant to the Settlement Agreement, within thirty-five (35) calendar days after the entry of the Preliminary Approval Order (the "Notice Date"), and subject to the requirements of the Settlement Agreement and this Preliminary Approval Order, Seagate shall coordinate with the Settlement Administrator to provide Notice pursuant to the Notice Program as follows:

a     Within fifteen (15) days of entry of the Preliminary Approval Order, Seagate shall provide the Settlement Administrator with the data files containing the identity, last known mailing, email, or other addresses of the Settlement Employee Class Members.

b     The Settlement Administrator shall run the addresses through the National Change of Address Database or other similar data source, and shall send to all such identifiable Settlement Employee Class Members the Mailed Notice and Email Notice ("Summary Notice").

c     The Settlement Administrator shall perform reasonable address traces for all initial Mailed Notices that are returned as undeliverable. The Settlement Administrator shall complete the re-mailing of the Summary Notice by US mail to Settlement Employee Class Members whose new addresses were identified as of that time through address traces; and

d     The Settlement Administrator shall publish, on or before the Notice Date, the Long-Form Notice on the Settlement Website in accordance with the requirements set forth in the Settlement Agreement.

13.     Settlement Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a valid Election Form for identity theft protection coverage and/or a valid Reimbursement Form for reimbursement of documented economic impact related to the Data Incident. All Election Forms must be postmarked or received by the Settlement

1    Administrator not later than June 30, 2018.  All Reimbursement Claim Requests must be received

2    by the Settlement Administrator by December 31, 2018.

3         14.    Within 10 days of the filing of the motion for preliminary approval, Seagate shall,

4    at its own cost, serve or cause to be served a notice of the proposed Settlement in accordance with

5    the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715(b).

6    Exclusion

7         15.    Settlement Class Members who wish to exclude themselves from the Settlement

8    Class for purposes of this Settlement may do so by submitting a request for exclusion to the

9    Settlement Administrator not later than forty-five (45) days after the Notice Date.  The request for

10   exclusion must comply with the exclusion procedures set forth in the Settlement Agreement.

11   Each Settlement Class Member desiring to exclude him or herself from the Settlement Class shall

12   timely submit, by U.S. Mail, written notice of such intent to the designated address set forth in the

13   Notice. The written notice must clearly manifest the intent to be excluded from the Settlement

14   Class, and must be signed by the Settlement Class Member. A request for exclusion may not

15   request exclusion of more than one member of the Settlement Class.  Mass opt-outs are not

16   permitted.

17        16.    Any member of the Settlement Class who timely requests exclusion consistent

18   with these procedures may not file an objection to the Settlement and shall be deemed to have

19   waived any rights or benefits under this Settlement.  Settlement Class Members who fail to

20   submit a valid and timely request for exclusion shall be bound by all terms of the Settlement

21   Agreement and the Final Judgment.

22   Objections

23        17.    Any member of the Settlement Class who has not timely filed a request for

24   exclusion may object to the granting of final approval to the settlement. Settlement Class

25   Members may object on their own, or may do so through separate counsel at their own expense.

26        18.    Any written objection to the Settlement must include: (i) the name of the Action;

27   (ii) the objector's full name, address, telephone number, and e-mail address; (iii) a statement of

28   the basis on which the objector claims to be a Settlement Class Member; (iv) a written statement

1  of all grounds for the objection, accompanied by any legal support for the objection, and any

2  evidence the objecting Settlement Class Member wishes to introduce in support of the objection;

3  (v) the identity of all counsel, if any, representing the objector, including any former or current

4  counsel who may claim entitlement to compensation for any reason related to the objection to the

5  Settlement or the Fee Application; (vi) a statement confirming whether the objector intends to

6  personally appear and/or testify at the Final Approval Hearing and the identification of any

7  counsel representing the objector who intends to appear at the Final Approval Hearing; (vii) a list

8  of any persons who will be called to testify at the Final Approval Hearing in support of the

9  objection; (viii) the objector's signature signed under oath and penalty of perjury or, if legally

10  incapacitated, the signature of their duly authorized representative (along with documentation

11  setting forth such legal incapacitation and representation) (an attorney's signature is not

12  sufficient); and (ix) must be submitted to the Court either by: (a) mailing it to the Class Action

13  Clerk, United States District Court for the Northern District of California, Phillip Burton Federal

14  Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, or;

15  (b) filing the objection in person at any location of the United States District Court for the

16  Northern District of California.  Mailed objections must be filed or postmarked forty-five (45)

17  days following the Notice Date.

18       19.    Any member of the Settlement Class who fails to file and serve a timely written

19  objection in compliance with the requirements of this order and the Settlement Agreement shall

20  be deemed to have waived any objections and shall be foreclosed from making any objections

21  (whether by appeal or otherwise) to the Settlement.

22  Fairness Hearing

23       20.    A fairness hearing (the "Final Approval Hearing" or "Fairness Hearing") shall be

24  held before this Court on _____ in Courtroom 3 on the 17th Floor of the San

25  Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102 to consider: (a)

26  whether the proposed settlement of the Action on the terms and conditions provided for in the

27  Settlement Agreement is fair, reasonable and adequate and should be given final approval by the

28  Court; (b) whether a final judgment should be entered; (c) whether to award payment of

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND
APPROVING NOTICE PROGRAM
CASE NO. 3:16-cv-01958-RS

6

1   attorneys' fees, costs, and expenses to Class Counsel and in what amount; and (d) whether to

2   award payment of a service award to the Settlement Class Representatives and in what amount.

3   The Court may adjourn the Fairness Hearing without further notice to Settlement Class Members.

4         21.    By no later than twenty-one (21) days prior to the Objection Deadline, papers

5   supporting the Fee Application and requested service awards shall be filed with the Court and

6   posted to the settlement website.

7         22.    Papers in support of final approval of the Settlement Agreement shall be filed with

8   the Court no later than twenty-one (21) days prior to the Fairness Hearing.

9   <u>Miscellaneous Provisions</u>

10         23.    To protect its jurisdiction to consider the fairness of the Settlement Agreement and

11   to enter a final order and judgment having binding effect on all Settlement Class Members, the

12   Court hereby enjoins all members of the Settlement Class, and anyone who acts or purports to act

13   on their behalf, from pursuing all other proceedings in any state or federal court that seeks to

14   address rights or claims of any Released Party or Settlement Class Member relating to, or arising

15   out of, any of the Released Claims.

16         24.    Settlement Class Members shall be bound by all determinations and judgments

17   concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

18         25.    All case deadlines are stayed and suspended until further notice from the Court,

19   except for such actions as are necessary to implement the Settlement Agreement and this Order.

20         26.    In the event that this Settlement Agreement is terminated pursuant to its terms,

21   disapproved by any court (including any appellate court), and/or not consummated for any reason,

22   or the Effective Date for any reason does not occur, the order certifying the Settlement Class for

23   purposes of effectuating the Settlement, and all preliminary and/or final findings regarding that

24   class certification order, shall be automatically vacated upon notice of the same to the Court, the

25   Action shall proceed as though the Settlement Class had never been certified pursuant to this

26   Settlement Agreement and such findings had never been made, and the Action shall return to the

27   procedural posture on October 31, 2016, in accordance with this paragraph.  Neither party, nor

28   counsel shall refer to or invoke the vacated findings and/or order relating to class settlement or

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND
APPROVING NOTICE PROGRAM
CASE NO. 3:16-cv-01958-RS

7

Rule 23 of the Federal Rules of Civil Procedure if this Settlement Agreement is not consummated and the Action is later litigated and contested by Defendant under Rule 23 of the Federal Rules of Civil Procedure.

**IT IS ORDERED.**

Dated: _____, 2017

_____
Honorable Richard Seeborg
United States District Judge

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND
APPROVING NOTICE PROGRAM
CASE NO. 3:16-cv-01958-RS

8