# Exhibit 3

| Description | Page |
|---|---|
| Consumer Protection and Unfair Practices Statutes Chart | 1 |
| Data Breach Statutes Chart | 3 |
| Implied Contract Law Chart | 4 |
| Negligence Law Chart | 6 |

# Consumer Protection and Unfair Practices Statutes

| Consumer Protection Statute | Remedies | Prohibition on Class Actions? | Enforcement Authority |
|---|---|---|---|
| California Unfair Competition Law Cal. Bus. & Prof. Code § 17200 *et seq.* | Restitution and injunctive relief. Cal. Bus. & Prof. Code § 17203. | No. | Privately enforceable. Cal. Bus. & Prof. Code § 17203. |
| Colorado Consumer Protection Act Colo. Rev. Stat. § 6-1-105(1)(l) | Actual damages and injunctive relief. | For statutory penalty ($500) and treble damages (3x actual damages). Colo. Rev. Stat. § 6-1-113(2). | Privately enforceable. *See, e.g.*, *Henson v. Bank of Am.*, 935 F. Supp. 2d 1128, 1142 (D. Colo. 2013). |
| Minnesota Consumer Fraud Act Minn. Stat. § 325F.69(1) | Damages, costs including costs of investigation and reasonable attorney's fees, injunctive and other equitable relief. | No. | Privately enforceable. Minn. Stat. § 8.31, subd. 3a. |
| Minnesota Uniform Deceptive Trade Practices Act Minn. Stat. §§ 325D.44, Subd. 1(5),(7) and (13), 325D.45 | Injunctive relief, attorney's fees, and costs. Minn. Stat. § 325D.45. | No. | Privately enforceable. Minn. Stat. § 325D.45(2). |
| Oklahoma Consumer Protection Act 15 Okla. Stat. Ann. § 753(5), (7) and (20) | Actual damages, attorney's fees and costs. 15 Okla. Stat. Ann. § 766.1(A). Moreover, if act or practice is found to be unconscionable, violator is liable for sum set by court of up to $2,000, recoverable in individual actions only. 15 Okla. Stat. Ann. § 766.1(B). | Only for statutory penalty, not for actual damages. | State attorney general or district attorney. 15 Okla. Stat. Ann. § 756.1 |
| Oklahoma Deceptive Trade Practices Act 78 Okla. Stat. Ann. § | Injunctive relief and actual damages. 78 Okla. Stat. Ann. § 54(A). | No. | Privately enforceable. 78 Okla. Stat. Ann. § 54(C). |

{00290404 3}                                        1

| | | | |
|---|---|---|---|
| 53(A)(5) and (7) | Attorney's fees. 78 Okla. Stat. Ann. § 54(C). | | |
| Oregon Unfair Trade Practices Act   Or. Rev. Stat. §§ 646.607(9); 646.608(1)(E), (G), and (U), 646.638 | Must have suffered ascertainable loss; remedy is the greater of $200 or actual damages. | Yes.  Or. Rev. Stat. §§ 646.638. | Privately enforceable. Or. Rev. Stat. §§ 646.638. |
| Texas Deceptive Trade Practices – Consumer Protection Act Tex. Bus. & Com. Code Ann. § 17.46(A), (B)(5), and (7) | Damages and injunctive relief. Tex. Bus. & Com. Code Ann. § 17.50(b). | No. | No.  Tex. Bus. & Com. Code Ann. § 17.50(a). |
| Virginia Consumer Protection Act Va. Code. Ann. § 59.1-200(A)(5), (6), and (14) | Actual damages, or $500, whichever is greater, and attorney's fees.  If the trier of fact finds that the violation was willful, it may increase damages to an amount not exceeding three times the actual damages sustained, or $1,000, whichever is greater.  Va. Code. Ann. § 59.1-204. | Yes.  Va. Code. Ann. § 59.1-204. | Privately enforceable.  Va. Code. Ann. § 59.1-204. |

# Data Breach Statutes

| Statute | Remedies | Prohibition on Class Actions? | Enforcement Authority |
|---|---|---|---|
| Colorado data breach notification statute Colo. Rev. Stat. § 6-1-716 | Direct economic damages resulting from a violation and/or injunctive relief.  Colo. Rev. Stat. § 6-1-716(4). | No. | Colo. Rev. Stat. § 6-1-716(4) delegates enforcement authority to the state attorney general. |
| Minnesota data breach notification statute Minn. Stat. § 325E.61 | | No. | Minn. Stat. § 325E.61(6) delegates enforcement authority to state attorney general. |
| Security Breach Notification Act 24 Okla. Stat. Ann. § 161 *et seq.* | Actual damages or civil penalty.  24 Okla. Stat. Ann. § 165(B). | No. | 24 Okla. Stat. Ann. § 165 delegates enforcement authority to the state attorney general and district attorney. |
| Oregon Consumer Identity Theft Protection Act Or. Rev. Stat. § 646A.600 *et seq.* | | No. | Privately enforceable.  "The director may order compensation to consumers only upon a finding that enforcement of the rights of the consumers by private civil action would be so burdensome or expensive as to be impractical."  Or. Rev. Stat. Ann. § 646A.624(3). |
| Texas Identity Theft Enforcement and Protection Act Tex. Bus. & Com. Code Ann. § 521.001 *et seq.* | Civil penalty and equitable relief.  Tex. Bus. & Com. Code Ann. § 521.151. | No. | Tex. Bus. & Com. Code Ann. § 521.151(a) delegates enforcement authority to the state attorney general. |
| Virginia Breach of personal information notification Va. Code Ann. § 18.2-186 | Direct economic damages.  Va. Code Ann. § 18.2-186.6(I). The state attorney general may impose civil penalties.  Va. Code Ann. § 18.2-186.6(I). | Yes, when being privately enforced.  Va. Code Ann. § 18.2-186.6(I). | Privately enforceable.  "Nothing in this section shall limit an individual from recovering direct economic damages from a violation of this section."  Va. Code Ann. § 18.2-186.6(I). |

# Implied Contract Law

| State | Standard | Damages |
|---|---|---|
| California | "An implied contract is one, the existence and terms of which are manifested by conduct.  Cal. Civ. Code § 1621.  To plead breach of an implied contract, a plaintiff must allege: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff."  *Castillo v. Seagate Tech., LLC*, No. 16-01958, 2016 WL 9280242, at *8 (N.D. Cal. Sept. 14, 2016) (internal quotation marks and citations omitted). | Does not require actual damages. Nominal damages may be awarded. |
| Colorado | "Colorado recognizes the existence of a contract implied from the conduct of the parties.  There must be a meeting of the minds as to the essential terms before any agreement will be implied." *Walshe v. Zabors*, 178 F. Supp. 3d 1071, 1081 (D. Colo. 2016) (citations omitted). | Does not require actual damages. Nominal damages may be awarded. |
| Minnesota | "Minnesota follows the objective theory of contract formation, under which the parties' outward manifestations are determinative, rather than either party's subjective intent.  Thus, a party's intention to make an offer, or to accept an offer made to him, may be inferred from his words and conduct." *Riley Bros. Constr., Inc. v. Shuck*, 704 N.W.2d 197, 202 (Minn. Ct. App. 2005) (citations omitted). | Does not require actual damages. Nominal damages may be awarded. |
| Oklahoma | "An implied contract is one, the existence and terms of which are manifested by conduct."  15 Okl. St. § 133 | Does not require actual damages. Nominal damages may be awarded. |
| Oregon | "An implied-in-fact contract is no different in legal effect from an express contract. The only difference | Does not require actual damages. Nominal damages may be awarded. |

| | | |
|---|---|---|
| | between them is the means by which the parties manifest their agreement. In an express contract, the parties manifest their agreement by their words, whether written or spoken. In an implied-in- fact contract, the parties' agreement is inferred, in whole or in part, from their conduct." *Staley v. Taylor*, 994 P.2d 1220, 1224 (Or. Ct. App. 2000) (citation omitted). | |
| Texas | "The essential elements of a breach of implied contract action are 'the existence of a valid implied contract, performance or tendered performance by the plaintiff, breach of the implied contract by the defendants, and damages resulting from the breach.'" *United States ex rel. Capshaw v. White*, No. 12-4457, 2017 WL 3841642, at *4 (N.D. Tex. July 10, 2017) (quoting *Fisher v. Blue Cross & Blue Shield of Texas, Inc.*, 2015 WL 5603711, at *10 (N.D. Tex. 2015)). | Does not require actual damages. Nominal damages may be awarded. |
| Virginia | "A contract implied in fact is a true contract containing all necessary elements for a binding agreement except that it has not been committed to writing or stated orally in express terms, but rather is inferred from the conduct of the parties in the circumstances . . . This type of contract must be based upon clear evidence of the parties' intent to contract and not upon the parties' course of dealing." *VAP Union Square, L.L.P. v. Cardinal Point, Inc.*, 91 Va. Cir. 134 (2015) (internal quotation marks and citations omitted). | Does not require actual damages. Nominal damages may be awarded. |

# Negligence Law

| State | Standard | The Economic Loss Rule |
|---|---|---|
| California | "To state a negligence claim under California law, plaintiffs must plead and prove (1) that Seagate owed them a duty to exercise due care; (2) that Seagate breached that duty; (3) that the breach caused injury; and (4) cognizable injury results." *Castillo v. Seagate Tech., LLC*, No. 16-01958, 2016 WL 9280242, at *2 (N.D. Cal. Sept. 14, 2016) (internal quotation marks and citations omitted). | The economic loss rule does not apply where claim arises from an independent duty. "Thus, the economic loss doctrine bars plaintiffs' negligence claim unless they had a 'special relationship' with Seagate." *Castillo v. Seagate Tech., LLC*, No. 16-01958, 2016 WL 9280242, at *5 (N.D. Cal. Sept. 14, 2016) (citing .*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 961 (S.D. Cal. 2012)). |
| Colorado | "To recover for the negligent conduct of another, a plaintiff must establish the existence of a duty owed by a defendant and a breach of that duty, which actually and proximately caused injury to the plaintiff." *Beasley v. Best Car Buys, LTD*, 2015 COA 145, ¶ 7, 363 P.3d 777, 3 (Colo. App. 2015) (citing *Casebolt v. Cowan*, 829 P.2d 352, 356 (Colo. 1992)). | The economic loss rule does not apply where claim arises from an independent duty. "[A] party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law." *Town of Alma v. AZCO Constr., Inc.*, 10 P.3d 1256, 1264 (Colo. 2000). |
| Minnesota | "The four elements of negligence are: (1) the existence of a duty of care; (2) a breach of that duty; (3) an injury; and (4) the breach of the duty being the proximate cause of the injury." *U.S. Bank Nat'l Ass'n v. San Antonio Cash Network*, 252 F. Supp. 3d 714, 718 (D. Minn. 2017) (quoting *Engler v. Ill. Farmers Ins. Co.*, 706 N.W.2d 764, 767 (Minn. 2005)). | The economic loss rule does not apply. "The economic loss doctrine applies to claims only as stated in [Minn. Stat. § 604.101]." *Ptacek v. Earthsoils, Inc.*, 844 N.W.2d 535, 538 (Minn. Ct. App. 2014). "Section 604.101 'applies to any claim by a buyer against a seller for harm caused by a defect in the goods sold or leased, or for a misrepresentation relating to the goods sold or leased,' but does not apply to a claim for injury to a person . . ." *Id.* |
| Oklahoma | "It is fundamental that three elements must be shown in order to establish actionable negligence: (1) existence of a duty on the part of the defendant to protect plaintiff from injury; (2) defendant's breach of the duty; and (3) injury to plaintiff proximately | The economic loss rule does not apply. *Midwest Coatings, Inc. v. The Sherwin-Williams Co.*, No. 15-1363, 2017 WL 377942, at *2 (W.D. Okla. Jan. 26, 2017) (observing that Oklahoma courts do not apply economic loss rule outside product liability context). |

| | | |
|---|---|---|
| | resulting therefrom." *Singer Oil Co., LLC v. Newfield Expl. Mid-Continent, Inc.*, No. 16-768, 2017 WL 4479257, at *2 (W.D. Okla. Oct. 6, 2017) (quoting *Scott v. Archon Grp.*, L.P., 191 P.3d 1207, 1211 (Okla. 2008)). | |
| Oregon | "To state a claim for negligence under Oregon common law, a plaintiff must show that the defendant owed the plaintiff a duty, that the duty was breached, and that the breach caused the plaintiff harm." *RoHillCo Bus. Servs. LLC v. JPMorgan Chase Bank, N.A.*, No. 15-02270, 2016 WL 4051296, at *3 (D. Or. June 24, 2016) (citation omitted). | The economic losses are recoverable from breach of an independent duty. "[T]o recover purely economic loss under Oregon law, a plaintiff needs 'to show some source of duty outside the common law of negligence, such as a special relationship or status that imposed a duty on the defendant beyond the common-law negligence standard.'" *RoHillCo Bus. Servs. LLC v. JPMorgan Chase Bank, N.A.*, No. 15-02270, 2016 WL 4051296, at *3 (D. Or. June 24, 2016) (citation omitted). |
| Texas | "Under Texas common law, 'a negligence cause of action consists of: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach.'" *Reyes v. Dollar Tree Stores, Inc.*, 221 F. Supp. 3d 817, 825 (W.D. Tex. 2016) (quoting *Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 613 (Tex. 1996)). | The economic loss rule does not apply where claim arises from an independent duty.<br>"The economic loss rule generally precludes recovery in tort for economic losses . . . a party states a tort claim when the duty allegedly breached is independent of the contractual undertaking and the harm suffered is not merely the economic loss of a contractual benefit." *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014). |
| Virginia | "The elements of an action in negligence are a legal duty on the part of the defendant, breach of that duty, and a showing that such breach was the proximate cause of injury, resulting in damage to the plaintiff." *Henderson v. Huling*, No. 16-166, 2017 WL 4209761, at *4 (E.D. Va. Sept. 20, 2017) (citing *Blue Ridge Serv. Corp. of Va. v. Saxon Shoes, Inc.*, 271 Va. 206, 218 (Va. 2006)). | The economic loss rule does not apply where claim arises from an independent duty.<br>"However, the economic loss rule leaves open the possibility of recovering economic damages through a negligence claim in limited circumstances. Where the parties are in contractual privity and their relationship gives rise to duties not imposed by the explicit terms of the contract but by common law, a negligence action may lie." *Phoenix* |

|  |  | *Packaging, Operations, LLC v. M&O Agencies, Inc.*, No. 15-569, 2016 WL 3181172, at *5 (W.D. Va. June 3, 2016). |
|--|--|--|