ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
ROBERT W. SPENCER (SBN 238491)
rspencer@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, CA 94103
Telephone: (415) 543-1305
Fax: (415) 543-7861

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT CASTILLO, LINDA CASTILLO, NICHOLAS DATTOMA, FREDA LANG, WENDY TRAN, AND STEVEN WILK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SEAGATE TECHNOLOGIES LLC,<br><br>Defendant. | CASE NO. 3:16-cv-01958-RS<br><br>[~~PROPOSED~~] **ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, COSTS, EXPENSES, AND INCENTIVE AWARDS TO CLASS REPRESENTATIVES**<br><br>Date:    March 8, 2018<br>Time:    1:30 p.m.<br>Ctrm:    3, 17th Floor<br><br>Consolidated Complaint Filed:   June 28, 2016<br>Amended Complaint Filed:    October 18, 2016 |

The Court having granted preliminary approval of the parties' class action settlement on October 19, 2017 (Dkt. 76), and directed notice of the proposed settlement to all Settlement Class members, having read and considered Plaintiffs' Motion for Award of Attorneys' Fees, Costs, Expenses, and Incentive Awards to Class Representatives and supporting papers (Dkts. 77 through 77-4), Plaintiff's Motion for Final Approval of Class Action Settlement and supporting papers (Dkts. 80 through 80-8), and Defendant's Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement and supporting papers (Dkts. 81 through 81-1), and upon consideration of argument presented on March 8, 2018, and with GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court has jurisdiction over the subject matter of this action and all parties to this action, including Plaintiffs, the Settlement Class members, as defined below, and Defendant Seagate Technologies LLC ("Defendant").

2. The Court finds that the prerequisites for a settlement class under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(a) and (b)(3) have been satisfied in that:

   a. The number of Settlement Class members is so numerous that joinder of all members is impracticable;

   b. There are questions of law and fact common to the Settlement Class;

   c. The claims of the Settlement Class Representatives are typical of the claims of the Settlement Class they seek to represent;

   d. The Settlement Class Representatives have and will fairly and adequately represent the interests of the Settlement Class;

   e. The questions of law and fact common to the Settlement Class members predominate over any questions affecting any individual Settlement Class members; and

   f. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

{00290500 }

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS'
FEES, COSTS, EXPENSES, AND INCENTIVE AWARDS TO CLASS REPRESENTATIVES
CASE NO. 3:16-cv-01958-RS

1

3. Specifically, the members of the Settlement Class that are subject to this Final Approval Order and Judgment are made up of the following subclasses:

    a. **Settlement Employee Class:** All persons who are or were employees of Seagate or its affiliates (collectively "Seagate") and whose W-2 information was involved in the Data Incident (referred to as "Employees").

    b. **Settlement Third Party Class:** All individuals who were Qualifying Spouses[1] or Qualifying Adult Dependents[2] of a Settlement Employee Class Member (referred to as "Third Parties").

4. Excluded from the Settlement Class are Defendant, their officers and directors during the Settlement Class Period, the members of their immediate families, and their respective representatives, heirs, successors, and assigns. Also excluded from the Settlement Class are the 57 individuals identified in **Exhibit A** hereto who otherwise satisfy the above requirements for membership in the Settlement Class, but who timely and validly requested exclusion from the Settlement Class.

5. The Court hereby finds that the notice of settlement, which was provided to Settlement Class Members via email, U.S. mail, and a settlement website, all as described in the Settlement Agreement[3] and ordered by the Court (Dkt. 76), provided the date of the final fairness hearing, the manner in which Settlement Class members could object to or participate in the settlement, and the manner in which Settlement Class members could opt out of the Settlement.

---

[1] A "Qualifying Spouse" is defined as "a person who jointly filed his or her 2015 federal income taxes as a spouse, as defined by IRS requirements (https://www.irs.gov/publications/p17/ch02.html#en_US_2016_publink1000170736) with a Settlement Employee Class Member." (Settlement Agreement ¶ 1.20.)

[2] A "Qualifying Adult Dependent" is defined as "a person who was listed as a dependent on a Settlement Class Member's 2015 federal income tax filings and was over the age of 21 at the time." (Settlement Agreement ¶ 1.19.)

[3] The Parties' Stipulation and Agreement of Settlement ("Settlement Agreement"), including the definitions contained therein, is incorporated by reference into this Final Approval Order and Judgment. All capitalized terms shall have the same meaning as set forth in the Settlement Agreement.

{00290500 }

2

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, COSTS, EXPENSES, AND INCENTIVE AWARDS TO CLASS REPRESENTATIVES
CASE NO. 3:16-cv-01958-RS

1  The Court finds that it was the best notice practicable under the circumstances, and complied
2  fully with Fed. R. Civ. P. 23(c)(2)(B) and 23(e)(1), due process, and all other applicable laws.
3  The Court finds that the notice has also been given as required by 28 U.S.C. § 1715.  The Court
4  further finds that a full and fair opportunity has been afforded to all Settlement Class members to
5  participate in the proceedings convened to determine whether the proposed settlement should be
6  given final approval.

      6.    The Court finds that the settlement is fair, reasonable and adequate in all respects, and is the product of good faith, arm's-length negotiations between the parties, and fully complies with all applicable provisions of law.  Accordingly, the Court hereby finally and unconditionally approves the settlement, and specifically:

      a.    Approves as fair, adequate, and reasonable the benefits provided to the Settlement Class members, all as described in the Settlement Agreement;

      b.    Reaffirms its designation of Everett Castillo, Linda Castillo, Wendy Tran, Nicholas Dattoma, Freda Lang, and Steven Wilk as Settlement Class Representatives and approves the payment of $2,500 by Defendant to each Settlement Class Representative.  These incentive awards are justified by the time and effort expended by the Settlement Class Representatives on behalf of the Settlement Class and the risk each assumed in bringing this action;

      c.    Reaffirms its appointment of David J. Stone of Bragar Eagel & Squire, P.C., Marc L. Godino of Glancy Prongay & Murray LLP, Jeremiah Frei-Pearson of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP and Eric A. Grover of Keller Grover LLP as Settlement Class Counsel and approves the payment by Defendant to Settlement Class Counsel of attorneys' fees in the amount of $746,250; an amount less than the combined lodestar of Settlement Class Counsel.  The hourly rates used to arrive at Settlement

Class Counsel's lodestar are consistent with market rates and reasonable in light of Settlement Class Counsel's skill, experience, and expertise. The Court is further satisfied that the number of hours expended on the litigation is reasonable and that an award of fees to Class Counsel in the amount of $746,250 is reasonable and appropriate under the circumstances of this case; and

    d.    Approves Settlement Class Counsel's request for payment by Defendant in the amount of $23,059.34 as reimbursement of litigation expenses.

7. All amounts that Defendant is required by this Final Approval Order and Judgment to pay to the Settlement Class Representatives and Settlement Class Counsel shall be paid in the time and manner described in and required by the Settlement Agreement.

8. The Court hereby orders Defendant to make all required payments to Dahl Administration, the Court-approved Settlement Administrator, for its work in administering this settlement. The Court hereby orders Settlement Class Counsel to make the required payment for the reminder notice distributed to Settlement Class Members.

9. This Final Approval Order and Judgment applies to all claims or causes of action settled under the terms of the Settlement Agreement, and shall be fully binding with respect to all Settlement Class Members except for the individuals listed on **Exhibit A**, who submitted timely and valid requests for exclusion. This Final Approval Order and Judgment shall have a res judicata effect and bar the named Plaintiffs and each Settlement Class member and Releasing Party who did not timely opt-out from bringing any action asserting any of the "Released Claims" against any of the Released Parties as provided in the Settlement Agreement.

10. This action, including all claims asserted herein, is hereby dismissed with prejudice in all respects.

11. This Final Approval Order and Judgment is not, and shall not be construed as, an admission by Defendant or any Released Party of any liability or wrongdoing in this or in any other proceeding.

{00290500 }  4

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS'
FEES, COSTS, EXPENSES, AND INCENTIVE AWARDS TO CLASS REPRESENTATIVES
CASE NO. 3:16-cv-01958-RS

12. Without affecting the finality of this judgment, this Court shall retain jurisdiction to enforce the terms of the Settlement Agreement.

**IT IS ORDERED.**

Dated: _3/14_, 2018

_[signature]_
HONORABLE RICHARD SEEBORG

# EXHIBIT A

1. JAMES GRINDLE
2. MARIO COLAIANNI
3. JEREMIAH POWELL
4. STEVEN DIETRICH
5. JONATHAN MOHR
6. VICTOR NOER
7. JOHN IBELE
8. DAVID FENEIS
9. RANDY OSWALD
10. KEVIN STENVALL
11. WILLIAM HALLETT
12. LYNDA OSWALD
13. GEORGE SCOTT
14. LORI JOHNSON
15. JARED KOCHIK
16. CRAIG AUERS
17. MATTHEW JONES
18. JANELLE HODGES
19. GLEN ALMGREN
20. MIKE STAIANO
21. LISA HANSON
22. MARK HANSON
23. DOROTHY LESHER
24. SONYA ELLSWORTH-ENDRES
25. DENA LARRABEE
26. NICHOLAS PETERSON
27. LISA RACINE
28. LESLIE NEUFELD
29. LYLE JOHNSON
30. WILLIAM MURPHY
31. JOHN JOHNSON
32. MICHELLE NELSON
33. DIANA BAUHOF
34. LUKE VAMMEN
35. CAROL EGAN
36. WINSLOW NEIDLINGER
37. VIVIAN NEIDLINGER
38. JONATHAN JACOBSON
39. VICKI JACOBSON
40. JOEY DAHL

41. ROBERTO ATIENZA
42. LORI ATIENZA
43. ESTHER HENNES
44. ANDREA SCHMIDT
45. PHUONG LE
46. HAU LE
47. KRISTINE NGUYEN
48. MARJORY PIERE
49. KRISTINE NGUYEN
50. JAMES HULTMAN
51. JOHN STINSON
52. STEVEN A ENDRES
53. CAROL ST JOHN
54. SONYA ELLSWORTH-ENDRES
55. ANDREW WHITE
56. KRISTA HENSLEY
57. CHISUM THOMPSON