UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EVERETT CASTILLO, LINDA CASTILLO, NICHOLAS DATTOMA, FREDA LANG, WENDY TRAN, and STEVEN WILK individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SEAGATE TECHNOLOGY LLC,<br><br>Defendant. | Case No.   3:16-cv-01958-RS<br><br>[~~PROPOSED~~] JUDGMENT<br><br>Judge:   Hon. Richard Seeborg<br>Action Filed: April 14, 2016 |

On  March 14    , 2018, this Court signed and entered its Order Granting Final Approval of the Class Action Settlement ("Final Approval Order") in the above-captioned matter as to the following Settlement Class made up of the following subclasses:

  a. **Settlement Employee Class:** All persons who are or were employees of Seagate or its affiliates (collectively "Seagate") and whose W-2 information was involved in the Data Incident (referred to as "Employees").

  b. **Settlement Third Party Class:** All individuals who were Qualifying Spouses[1] or Qualifying Adult Dependents[2] of a Settlement Employee Class Member (referred to as "Third Parties").

**JUDGMENT IS HEREBY ENTERED**, pursuant to Federal Rule of Civil Procedure 58, as to the specified class of persons, Plaintiffs Everett Castillo, Linda Castillo, Nicholas Dattoma, Freda Lang, Wendy Tran, and Steven Wilk ("Class Representatives"), and Defendant Seagate Technology LLC ("Seagate") on the terms and conditions of the Settlement Agreement approved by the Court's Final Approval Order.

1. The Court, for purposes of this Judgment, adopts the terms and definitions set forth in the Settlement Agreement.

2. Payments to Settlement Class Members, payments of Settlement Class Counsel's awarded attorneys' fees and expenses, and payments of incentive awards under the Settlement Agreement shall be made as outlined in the Settlement Agreement and the Court's Final Approval Order.

3. As of the Effective Date, the Class Representative and all Settlement Class Members[3] shall be forever barred from bringing or prosecuting, in any capacity, any action or

---

[1] A "Qualifying Spouse" is defined as "a person who jointly filed his or her 2015 federal income taxes as a spouse, as defined by IRS requirements (https://www.irs.gov/publications/p17/ch02.html#en_US_2016_publink1000170736) with a Settlement Employee Class Member." (Settlement Agreement ¶ 1.20.)

[2] A "Qualifying Adult Dependent" is defined as "a person who was listed as a dependent on a Settlement Class Member's 2015 federal income tax filings and was over the age of 21 at the time." (Settlement Agreement ¶ 1.19.)

[3] The term "Settlement Class Members" does not include the individuals listed on **Exhibit A** to the Final Approval Order.

proceeding that involves or asserts any of the Released Claims against any Released Parties and shall conclusively be deemed to have released and forever discharged the Released Parties from all Released Claims.

4. The Settlement Class Representatives and all Settlement Class Members shall, as of the Effective Date, conclusively be deemed to have acknowledged that the Released Claims may include claims, rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist as of the Effective Date. The Settlement Class Representatives and all Settlement Class Members nonetheless release all such Released Claims against the Released Parties. Further, as of the Effective Date, and as to the Released Claims only, the Settlement Class Representatives and all Settlement Class Members shall be deemed to have waived any and all protections, rights and benefits of California Civil Code § 1542 and any comparable statutory or common law provision of any other jurisdiction.

5. The Settlement Agreement and this Judgment are not admissions of liability or fault by Seagate or the other Released Parties, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Seagate or the other Released Parties. The Settlement Agreement is not a concession by the Parties and to the extent permitted by law, neither this Judgment, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by Seagate, the Released Parties, or any of them.

Notwithstanding the foregoing, nothing in this Final Judgment shall be interpreted to prohibit the use of this Judgment in a proceeding to consummate or enforce the Settlement Agreement or Judgment, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

JUDGMENT ENTERED: _3/14/18_____

_____
THE HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

[PROPOSED] JUDGMENT
CASE NO. 3:16-cv-01958-RS
sf-3869932

2